## D. T. Hinkley *versus* Nathan Davis.

In an action against a surety, the admissions and declarations of the principal, who had deceased, made against his interest, at a time when he could have had no motive to misrepresent, and in relation to facts with which he must have been well acquainted, were held to be evidence against the surety.

Assumpsit on a promissory note, dated October 1, 1825, for $150, made by the defendant, and one Kimball Blood. The cause was tried upon the general issue, at November term, 1832, when it was admitted, that the defendant and Blood made the note, but the defendant,

who was only a surety, insisted that Blood, the principal, had paid the note by keeping sheep for the plaintiff.

It was not disputed that Blood kept sheep for the plaintiff, and it became material to ascertain the price of the keeping. The plaintiff introduced a witness who swore that Blood, while he was keeping the sheep, said that he was to have only $1 a year, for each sheep. To this evidence the defendant objected, but it appearing that Blood was dead, the court admitted the evidence.

A verdict having been returned in favor of the plaintiff, the defendant moved for a new trial, on the ground that the admissions of Blood had been improperly received in evidence.

*Wilcox*, for the plaintiff.

*Britton* and *Bell*, for the defendant.

RICHARDSON, C. J. delivered the opinion of the court.

The admissions of Blood, in this case, were made at a time when no motive to misrepresent the matter can be conceived. They were admissions against his interest. He is now dead, and cannot be called as a witness; and his admission related to a matter, with which he must have been well acquainted.

The question is, whether, under these circumstances, the admissions of Blood, the principal, are evidence against the defendant who was only a surety?

In general, admissions by one man are not evidence against another. But to this there are exceptions. In many cases where a man has the means of knowing a fact, and it is against his interest to admit it, his admission is evidence even against another person. The evidence results, in such a case, from the improbability of a man's admitting as true what he knows to be false, against his interest. In some cases such an admission is as strong against another person as it is against the person who makes it.

In *Warren v. Greenville*, 2 Strange, 1129, an entry by

an attorney in his debt book for a deed of surrender, was held to be evidence of a surrender against another person, the charge appearing by the book to have been paid, and the attorney being dead.

So in *Higham* v. *Ridgway*, 10 East, 109, a charge in the book of a man midwife, for attending a woman in childbirth on a particular day, was held to be evidence of the time of the birth of the child, the charge being marked in the book as paid at the time, and the man midwife being dead.

Upon an issue between A. and B. whether C. died possessed of certain property, declarations of C. that the property had been assigned to A. are admissible against A. 1 Taunt. 141, *Toat* v. *French*.

There are many cases to be found in the books where the decision rests on this ground. 11 East, 578, *The King* v. *Hardwick*; 5 Pick. 410, *Strong* v. *Wheeler*; 1 Starkie's Ev. 308—326; 4 D. & E. 514, *Barry* v. *Bellington*.

In *Goss* v. *Watlington*, 3 B. & B. 132, the question arose, how far receipts given by a principal who was a collector of taxes were evidence against his surety; but it was not decided. But Dallas, C. J. said he could not agree that receipts by the principal could in no case be evidence against the surety. And Starkie, in his treatise on evidence, vol. 3, 1388, shows very clearly that upon principle the receipts were evidence against the surety, being admissions by a party against his interest.

There may be cases in which admissions by a principal will not be evidence against a surety. But there seems to be nothing in this case which renders the admissions of Blood inadmissible evidence against this defendant.