## GORDON *vs.* SHURTLIFF.

The mere oral assertion by an individual, that he has done a particular act, cannot be received as evidence in his favor, in a subsequent suit, such declaration not being in collision with his interest at the time.

ASSUMPSIT upon a promissory note, dated October 27, 1827, for the sum of $50, payable to one Samuel Ross, or order, on demand, with interest, and by him endorsed to the plaintiff.    Upon the trial it was admitted that said Ross was the plaintiff in interest.

The defence was payment, to prove which the defendant offered one Wetherell as a witness, who testified that the defendant, in the fall of 1827, being then a trader in Bath village, held a note against him, on which there was then due about $53,—that, as he was returning from Boston, he met the defendant, in the road near the village, who told him he had been waiting for his return to get the money, and had borrowed fifty dollars of said Ross, and left his note with Ross, and wished him to pay Ross the $50,—that

he went to Ross, found his note in his hands, and paid him the $50,—which was endorsed upon his note to the defendant, and that he soon after paid the balance to Ross, and took up the note.

The plaintiff objected to the admission of this evidence, but the court received it; whereupon, the jury having returned a verdict for the defendant, the plaintiff moved for a new trial.

*J. Smith*, for the plaintiff.    1. The purpose for which the declarations were admitted in evidence was to prove the payment of the note in suit, by shewing the original transaction.    The declarations, therefore, at the time of making them were favorable to the interest of the party making them, and were not admissible.    17 *Johns.* 187, *Roseboom* vs. *Billington.*

2. The declarations testified to, have no tendency to illustrate the original transaction, except as a mere abstract statement, detached from every fact in dispute, and depending entirely for their effect on the credit of Shurtliff, who made them.    1 *Stark. Ev.* 46, 47, 48.

3. They were not contemporary with the original transaction—nor connected with any of the circumstances of the original transaction—therefore have no tendency to explain it.    They are not part of the *res gestae.*    They were at a period subsequent to the transactions between Ross and Shurtliff.    4 *Pick. Rep.* 108, *Jacobs* vs. *Putnam.*    It is admitted, that when the nature of a particular act is in question, a contemporary declaration of the party making it is evidence to explain it.

4. The declarations were not made in the presence of Ross—were in every sense *res inter alios acta*—and therefore afford no presumption against him in the way of admission or otherwise.    Ross was in no way privy to them, nor were they stated to him by any one.

5. They contain no intrinsic evidence of truth, and are not offered as a mere fact not intended to affect the party.

*Bell*, for the defendant.

Parker, J. It is laid down as a general rule, that " the ' mere recital of a fact, that is, the mere oral assertion, or ' written entry, by an individual, that a particular fact is true, ' cannot be received in evidence." 1 *Stark. Ev.* 46. But " whenever the declaration or entry is itself a fact, and is a ' part of the *res gestae*, the objection ceases." " The distinc- ' tion," says Mr. Starkie, " between a mere recital, which is ' not evidence, and a declaration or entry, which is to be ' considered as a fact in the transaction, and therefore is evi- ' dence, frequently occasions much discussion, although the ' test by which the admissibility is to be tried seems to be ' simple. If the declaration, or entry has no tendency to ' illustrate the question, except as a mere abstract statement, ' detached from any particular fact in dispute, and depending ' for its effect entirely on the *credit* of the person who makes ' it, it is not admissible in evidence ; but if, on the contrary, ' any importance can be attached to it as a circumstance ' which is a part of the transaction itself, and deriving a ' degree of credit from its connexion with the circumstances, ' independently of any credit to be attached to the speaker ' or writer, then the declaration or entry is admissible in ' evidence." 1 *Stark. Ev.* 47.

In the present case, it would have been competent for Wetherell to have testified that he was owing the defendant, on a note, about $53,—and that at a certain time, by direc- tion of the defendant, he went to Ross, and paid him $50, on the note, and afterwards paid the balance. Thus far the evidence would be a matter of fact, to which no valid ob- jection could be taken.

But the declaration of the defendant, that he had borrowed $50 of Ross, and pledged the note as collateral security, is

of a different character. There is nothing to give verity to this declaration, aside from the credit that may be due to the party himself. The possession of Wetherell's note by Ross is consistent with a supposition that it was pledged to him as collateral security for the note now sued; but it is equally consistent with the supposition of an absolute transfer upon some other consideration. The assertion that the note was pledged gains no confirmation from the fact that it was afterwards found in Ross's possession. The assertion was not one against the interest of the defendant. 6 *N. H. Rep.* 210, *Hinkley* vs. *Davis.* Nor does it give character to, or elucidate any act done by him at the time of making it. 1 *Stark. Ev.* 49; 8 *Pick.* 397, *Merrill* vs. *Sawyer.*

The information to Wetherell that his note was with Ross, and the request that he would pay the money to him, furnishes a reason why he should have sought his note there, but nothing which the defendant then said gives any character to the subsequent payment by Wetherell. That is equally a payment to Ross, whether he was entitled to hold the money as his own, or was bound to apply it on a demand he held against the defendant.

The defendant's assertion had no tendency to illustrate any matter now in controversy, except as a mere abstract statement, detached from any particular fact; and he was not entitled to avail himself of it, to prove that the payment by Wetherell to Ross operated as a discharge of the note of the defendant. 17 *Johns.* 187, *Roseboom* vs. *Billington*; 5 *D. & E.* 123, *Outram* vs. *Morewood.*

*New trial granted.*