## PLUMER *v.* FRENCH.

Where evidence of an act done by a party is admissible in his favor, his declarations, contemporaneous with the act, and having a tendency to elucidate or give a character to the act, and which may derive a degree of credit from it, are also admissible as part of the *res gestæ.*

Where the act of the party, material and admissible in evidence, was the production, by the party, of certain notes and the ascertainment of their amount, by casting the interest thereon, and at the time of casting the interest the party made certain declarations, having reference only to the motive and purpose of the party in a contemplated collection of the notes of the signer, who was not present at the time, it was *held*, that the declarations were inadmissible in evidence as part of the *res gestæ* within the rule before stated; the said motive and purpose being facts not material or admissible as evidence in the cause.

F. made his note to P. for $100, bearing date April 12, 1847. F. alleged, as a defence to the action upon the note, that he paid $100 to one E. soon after the date of the note, at the request of P., in full discharge thereof. Upon the note, under date of July 25, 1848, was indorsed a payment of $50, confessedly made by F. For the purpose of explaining and accounting for the payment of the $50, made after the alleged payment of the entire note, upon the ground alleged, of a want of recollection of that fact, at the date of the payment of the $50, F. proposed to show the finding of a memorandum of the former payment, in a small memorandum-book, found among a number of other books and papers, *by himself*, in 1849, about one year after the commencement of the action upon the note, and his appearance at the time, P. not being present. The evidence was *held* incompetent and inadmissible for that purpose, the alleged payment of the $100 in discharge of the note in suit, being the material question in the case.

THIS was an action of assumpsit on a promissory noted ated April 12th, 1847, for $100, payable to plaintiff, or order, on demand, with interest, signed by the defendant.

On the note was an indorsement of the sum of fifty dollars, dated July 25, 1848. With the general issue the defendant gave notice of a set-off for money paid, &c., of $130.

At the trial, it was contended by the defendant, that he had made a payment to one Eaton, of $100, on account of the plaintiff, and by her request, soon after the date of the note in suit, which fully satisfied the note, that being, at the time, the only claim of the plaintiff upon him, and that the payment indorsed upon the note was made by mistake, and through forgetfulness of the payment to Eaton.

The plaintiff contended, that, at the time of the payment to Eaton, the defendant was indebted to her in $200, and the note in suit was given for the balance of that debt, after the payment had been made to Eaton.

To show that the plaintiff had two notes, and the amount of them, at a date sometime previous to the date of the note in suit, a witness was introduced, who testified that the plaintiff produced and cast the interest on two notes signed by the defendant, amounting, as he thought, to over $200. It was proposed to ask the witness what the plaintiff said, while she was casting the interest on these notes, as to the purpose she had in collecting the money, the defendant not being present. The evidence was objected to, but was admitted; to which the defendant excepted.

To prove the want of recollection of the payment made to Eaton on account of the plaintiff, the defendant proposed to introduce evidence of the finding, by the defendant, in 1849, about a year after the commencement of the suit, of a memorandum of the payment, in a small memorandum-book, found among a number of other books and papers, and to show what was the appearance of the defendant at the time of the discovery of the entry in said memorandum-book. The plaintiff not being present, the evidence was objected to, and held inadmissible; to which the defendant excepted.

The jury found a verdict for the plaintiff, which the defendant moved to set aside, and for a new trial, by reason of said exceptions.

The questions arising in this case were transferred to this Court for decision.

*Wells*, (with whom was *Bacon*,) for the defendant.

In this case, two questions are raised. 1st. Were the declarations of the plaintiff, in the absence of the defendant, admissible? 2d. Was the rejection of the evidence of the appearance of the defendant, at the time he discovered the entry of the $100 on the memorandum-book, found in 1849, correct?

Both stand upon similar principles, and we refer the Court to

the following authorities in support of the defendant's side of the questions.

Acts or declarations of a party, done or spoken in the absence of the defendant, are not evidence for himself for any purpose tending to support his own side of the issue. *Ward* v. *Hatch*, 4 Iredell, 282 ; *Green* v. *Harris*, 3 Iredell, 210.

A party's declarations cannot be given in evidence by him, unless they are a part of the *res gestæ*. *Millikin* v. *Greer*, 5 Miss. 489 ; *Emerson* v. *Harman*, 14 Maine Rep. 271 ; *Haynes* v. *Rutter*, 24 Pick. 242 ; *Sessions* v. *Little*, 9 N. H. Rep. 271.

To be a part of the *res gestæ* the declarations must have been made at the time of the act done, which they were supposed to characterize, and well calculated to unfold the nature and quality of the facts they were intended to explain, and so to harmonize with them, as obviously to constitute one transaction. Phillips Ev., Cow. & Hill's notes ; note 444, p. 585 and 586 ; *Emerson* v. *Harman*, 14 Maine Rep. 271 ; Ib. 390 ; *Haynes* v. *Rutter*, 24 Pick. 242 ; *Sessions* v. *Little*, 9 N. H. Rep. 271 ; 1 Starkie Ev. p. 47 ; 1 Greenl. Ev. 120 ; Ib. § 110.

The plaintiff's purpose in collecting the money, was no part of the transaction of casting interest, and though that might have occasioned the declarations proved, yet the act and declarations did not characterize each other. 14 Maine Rep. 274.

The declarations were independent matter, and not admissible. *Smith* v. *Richards*, 16 Maine Rep. 200.

*J. A. Gregg,* and *Marston,* for the plaintiff.

WOODS, J. The defendant, at the trial of this cause, rested his defence upon the ground, that, in fact, at the time of the payment of the $100 to Eaton, there was but one note due to the plaintiff, and that that note was for the sum of $100, and was in fact the note now in suit in this action, and that the payment made to Eaton was made soon after the date of the note, and was in full satisfaction of the same. The position of the plaintiff was, that at the date of the payment to Eaton, there was, in fact, due to the plaintiff, the sum of $200, and that the

Plumer v. French.

note in suit was given for the balance of that sum, after deducting the amount of the money paid to Eaton.

In proof of this material fact of the amount thus alleged to have been due to the plaintiff, prior to the date of the note in suit, the plaintiff introduced a witness, who testified that the plaintiff produced and cast the interest upon the two notes signed by the defendant, amounting, as he thought, to over $200.

This evidence was not objected to, and was clearly material and admissible. The plaintiff then inquired of the witness, and the witness was allowed to state what the plaintiff said, while she was casting the interest on the notes, as to the purpose she had in collecting the money. The defendant objected to this last inquiry and the answer given.

If her declaration was admissible, it could only be so as being a part of the *res gestæ*. It was the declaration of a party in favor of her own interest, in the absence of the other party, which is ordinarily not admissible.

Was the declaration, of which evidence was given, part of the *res gestæ?*

Mr. *Greenleaf*, in his learned treatise upon evidence, lays down the doctrine upon this subject in the following language : "There are other declarations which are admitted as original evidence, being distinguished from hearsay by their connection with the principal fact under investigation. In the trial of Lord George Gordon, for treason, the cry of the mob who accompanied the prisoner on his enterprise, was received in evidence, as forming part of the *res gestæ*, and showing the character of the principal fact. So, also, where a person enters into land to take advantage of a forfeiture, to foreclose a mortgage, to defeat a disseisin, or the like, or changes his actual residence, or is upon a journey, or leaves his home, or secretes himself, or, in fine, does any other act material to be understood, his declarations made at the time of the transaction, and expressive of its character, motive, or object, are regarded as verbal acts, indicating a present purpose or intention, and are, therefore, to be admitted in proof, like any other material facts. The principal points of

attention, are, whether the circumstances and declarations were contemporaneous with the main fact under consideration, and whether they were so connected with it, as to illustrate its character." 1 Greenl. Ev. § 108. The case of *Emerson* v. *Harmon* and *Silsby*, 14 Maine Rep. 271, was assumpsit against the indorsers of a promissory note. Due notice had been given to the indorsers.

It was proposed at the trial, to prove what the defendant, Silsby, said, at the time of said notice, in the absence of the plaintiff, and it was rejected. In delivering their judgment, the Court say : " The declarations of Silsby, one of the defendants, when notified of the dishonor of the note, the plaintiff not being present, were not legal evidence, and were properly excluded. What was said by the defendant, was in no proper sense a part of it, although it might have been occasioned by it. To receive it, would be to make the declarations of a party evidence in his own favor. In *Sessions* v. *Little*, 9 N. H. Rep. 271, the doctrine upon this subject is stated thus by Mr. Chief Justice *Parker* : " Where evidence of an act done by a party is admissible, his declarations made at the time, having a tendency to elucidate or give a character to the act, and which may derive a degree of credit from the act itself, are also admissible as part of the *res gestæ*." *Gordon* v. *Shurtleff*, 8 N. H. Rep. 260, lays down a similar rule.

The report of the case as tried in the Court below, does not state the evidence as detailed by the witness, but only that the declarations of the party which were objected to, had reference " to the purpose which she had in view in collecting the money " of the defendant. We are to assume, then, that the evidence which was thus objected to and admitted, tended to show and explain that purpose only. But it does not appear that the plaintiff's motive or purpose in collecting the money due to her of the defendant, whatever it might have been, or that the fact that she was proceeding in the business of collecting the money of the defendant, if such is to be assumed to be the fact, was at all material to any matter in issue between the parties in this controversy. The evidence was therefore not admissible. The

declarations of a party, made in the absence of the other party, in order to their admissibility as evidence in his own favor, as being part of the *res gestæ*, according to the authorities referred to, must be contemporaneous with the principal act or fact material to be proved, and must have a tendency to elucidate or give a character to the act itself, and must be so connected with it, as to derive a degree of credit from it.

To determine whether the declarations in the present case were admissible, it must be seen whether they have the requisites named. The facts which were material to be proved, and were contemporaneous with the declarations in question, were the production of the notes, and the ascertainment of their amount, by computing the interest, and adding it to the principal. But the declarations that were given in evidence, were in no manner calculated to illustrate or characterize those acts or facts, and were in no wise so connected with them as to form any part of them, or to derive any degree of credit therefrom. In fact, as we have seen, they related to another and different act, then in the contemplation of the plaintiff to be afterwards accomplished, with which alone it was connected, and of the object and purpose of which alone it was expressive; the collection of the notes.

We are, therefore, clearly of the opinion that the declarations in question were inadmissible as evidence in the cause, and that the ruling of the Court, admitting them, was erroneous.

The position of the defendant at the trial, as already stated, was, that he, soon after the date of the note in question, paid to one Eaton the amount of the note at the request of the plaintiff, in discharge thereof. Upon the note, at a date subsequent to the time of the aforesaid alleged payment, there was an indorsement of the sum of fifty dollars, a payment confessedly made by the defendant. It was material to the defendant to prove, that the payment of the fifty dollars was by reason of the want of recollection of the payment of the $100 at a prior date, to Eaton. To prove such want of recollection of the payment to Eaton, the defendant proposed to introduce evidence of the finding by the defendant in 1849, of a memorandum of the payment to Eaton,

in a small memorandum-book, found among a number of other books and papers, and to show what was his appearance at the time of the discovery of the entry in the memorandum-book, the plaintiff not being present at the time. The Court held the evidence inadmissible; and the question is, whether that ruling was correct.

The memorandum plainly furnished no competent evidence of any fact set forth therein, whatever might be its character. It was, at most, the declaration of a party in writing, and, as a declaration, it acquired no force or competency from the fact that it was in writing, or that it was taken from among other papers. It was merely the unsustained declaration of a party in his own favor, and, as such, not evidence of the facts declared.

Was the proof offered, of the appearance of the defendant at the time of the discovery of the memorandum, competent for the purpose for which it was offered? It was offered to show, that at the time when the defendant made the payment of the fifty dollars of the 25th of July, 1848, he had forgotten the prior payment of $100, made to Eaton, as he alleged, soon after April 12th, 1847. The proposition of the defendant was, that the jury should be allowed to infer this state of mind and fact, simply from the appearance of the defendant at the time of finding the memorandum and observing its contents, in 1849. We see no ground upon which the mere appearance of the defendant, upon seeing the memorandum, could be holden to be legitimate proof to go to the jury, of the want of recollection of the payment to Eaton at any time. But the fact of the payment of $100 to Eaton, was not a matter in dispute at the trial. The material fact, in regard to the payment, and which was in dispute, was the date of it. The fact of the payment was conceded. It was only material to the defendant to show, that it was made after the date of the note in controversy, such being the fact alleged by him; while on the part of the plaintiff it was claimed, that the payment to Eaton was made prior to the date of said note, and that the note was given for the balance due to the plaintiff after said payment. The offer of the defendant then was, in effect, to show from his demeanor, on the occasion referred to,

a want of recollection of the only fact in dispute in the case, and thereby to establish the existence of the fact itself. We are of opinion, that the evidence offered, was, in no aspect of the case competent, and receivable. It might have resulted, upon inquiry, that a shake of the head, a shrug of the shoulders, an angry look, or a smile, was all that occurred on the occasion, which it was proposed to lay before the jury, from which they were to infer a total want of recollection on the part of the defendant, at the time of paying the fifty dollars upon the note, that he had before paid the $100 to Eaton; and moreover to infer, that the payment of the $100 was made subsequent to the date of the note in suit; or, in other words, to infer the whole material matter of fact in controversy, namely, that the defendant paid $100 to Eaton after the date of the note, from some act of the defendant, after the commencement of the action, in the absence of the plaintiff, and which might have been an invention of his own, in order to furnish the very evidence which was offered at the trial. The conduct of persons is often given in evidence to show the state of mind at the time of it, and perhaps to show its continuance in future. It is believed, however, that no physical action or appearance, on the part of the defendant, could legitimately tend to prove the material fact in controversy in the case. And we are therefore, of the opinion, that, in this particular, the ruling of the Court was correct.

Upon the first ground of exception in the case, however, the verdict must be set aside, and a

*New trial granted.*