## Mahurin *vs.* Bellows.

The defendant, who was surety upon a note to the plaintiff, offered the evidence of a witness that, on a certain occasion, the plaintiff had released him from his liability. The plaintiff contended that this was improbable, because, at the time of the alleged release, the note was in the hands of a third person, as part

Mahurin *v.* Bellows.

payment of a debt. To prove this, he offered sundry letters between himself and such person.—*Held*, that as the letters contained no allusion to the note, and threw no light upon the fact of the release, they did not constitute one transaction with it, and were not admissible in evidence as a part of the *res gestæ*.

ASSUMPSIT on a promissory note, dated on the 3d day of November, 1834, for $100.00, made by the defendant, and payable to the plaintiff, or his order, in sixty days, with interest. The note was given for a debt due the plaintiff from Samuel A. Pearson, and was signed by the defendant as surety for Pearson.

At the trial upon the general issue, the defendant offered evidence tending to prove that the plaintiff had released him from his liability on the note. He introduced a witness who testified that about the first of January, 1835, he was present in Lancaster, at a conversation between the parties, and at that time the plaintiff released the defendant, as above stated. The plaintiff contended that the testimony of the witness was improbable, for the reason that the note was not then in his hands, but in the possession of John H. White, who had received it in part payment of an execution delivered to him for collection. For the purpose of proving where the note was, and what had been done in relation to it, the plaintiff offered in evidence sundry letters which had passed between White and himself on the subject. On the 4th of October, 1834, he wrote White that if Pearson should pay him $50 on the execution, he might suspend any further proceedings on it until the 16th inst. The execution was in favor of Pickering *vs.* Pearson. On the 31st of October he wrote White that he had seen Pearson, but was able to get but $5.00 from him, and saying that he was willing to take a good note payable in sixty days, for the amount of the execution and interest, if White could do no better ; and in a letter, dated on the 24th of December, those directions were repeated in substance. On the 17th of February, 1835, White wrote him that Pearson had settled the execution, by giving a note for the balance, which would fall due on the 26th of February,

and which he held subject to the plaintiff's order.   On the 22d of February, White wrote him again, stating that he forwarded the note for the balance, agreeably to his request. The letters were objected to by the defendant as incompetent, but they were admitted by the court.   The jury returned a verdict for the plaintiff, which the defendant moved to set aside on account of the admission of the evidence.

*Young*, for the plaintiff.

*Wells*, for the defendant.

Gilchrist, J.   The particular fact which the defendant desired to prove was, that he was released by the plaintiff from his liability as a surety upon the note.   The witness testified that he was present when the plaintiff released him. Any testimony which goes to show that the release was not made as alleged, is competent for that purpose, if consistent with the rules of law.   And the question is, whether the letters were competent evidence for that purpose.

The general rule is, that the mere declarations of a party, whether oral or written, are not evidence in his favor.   To be admissible, they must come within some exception which permits them to be used.   One exception exists when the declarations were against his interest at the time they were made.   *Roseboom* vs. *Billington*, 17 *Johns.* 182.   But this adverse interest must appear, either from the nature of the case or from extraneous proof.   *Greenl. Ev.*, § 149, *and cases cited.*   But the letters do not come within this exception, for there is nothing to show that his declarations contained in them were against his interest.

Another exception exists where the declaration is a part of the *res gestæ.*   But the letters are decidedly not included in this exception.   They do not show where the note was at the time they were written, and contain no allusion to it. The matter to be proved was the existence of the release.

Mahurin v. Bellows.

Upon this the letters throw no light. They do not tend to prove that the statements of the witness were improbable. They are not inconsistent with the fact of a release, but they do not depend upon it, nor does it depend upon them. They do not constitute one transaction with it. An argument can not be made from one to the other, nor is the connection and dependency of the circumstances at all imperfect, whether the letters or the release be laid out of sight. Neither throws any light upon the other. The principles which govern the admission of evidence as a part of the res gestæ are well settled. It must be "calculated to unfold the nature and quality of the facts it is intended to explain." It should be concomitant with the principal act, and so connected with it as to be regarded as the result and consequence of the existing motives. But the letters had no necessary connection with the release. They were merely the declarations of the party, not on oath, and not against his interest. Gordon vs. Shurtliff, 8 N. H. Rep. 260; Sessions vs. Little, 9 N. H. Rep. 271; Outram vs. Morewood, 5 T. R. 121; Roseboom vs. Billington, 17 Johns. 182; Thorndike vs. Boston, 1 Met. 242. The judgment of the court is that the letters were improperly admitted.

*Verdict set aside.*