## MOOERS & *a. v.* BUNKER.

Upon the revision of statutes the construction will not be changed by such alterations as are designed to render the provisions more concise.

Tenants in common cannot join in actions of assumpsit, brought under the Revised Statutes, for a share of the value of timber cut by a co-tenant.

In such an action, the declaration must be special, and no demand need be alleged.

If required, some evidence that the plaintiff is the same person who is shown to be entitled to an interest, in real estate, beyond mere identity of name, must be produced.

Hearsay is not evidence, even in cases of pedigree, unless it appears that the person from whom the information is derived is dead.

ASSUMPSIT, for $500, money had and received. The specification claims one-fifth part of $265, received by the defendant, on the 11th day of April, 1847, for timber taken by the defendant from the Paul Eaton lot, so called, in Candia, and sold to one John Ray. It appeared that Paul Eaton, the former owner of the lot, died in 1830, leaving a son, Henry, and four other children, or their legal representatives. The defendant put in evidence a quitclaim deed from Henry Eaton, dated February 26, 1844. There are other children and grand children of Paul Eaton, not joined in this suit. Mrs. Mooers was a daughter of Paul Eaton, and died before her father. By agreement of the parties, the plaintiffs' counsel read his minutes of the testimony of Josiah French, given at the last term. He testified that he

married a daughter of Paul Eaton, and that Mrs. Mooers, at her decease, left four children, John, Josiah, Henry T. and Timothy Mooers, and the witness has not heard of the death of either. It was twenty-five years since he heard from Timothy, who then lived in Maine. The last time the witness heard of Timothy he was spoken of as alive, but this was ten years before the fall of 1853. The defendant's counsel contended, upon this evidence, that there was nothing to show that the Timothy Mooers, who joins in this suit, is the Timothy Mooers who was the grandson of Paul Eaton, inasmuch as the death of the latter should be presumed. He also contended that these plaintiffs cannot maintain an action for money had and received against this defendant. There was no evidence that any demand had ever been made upon the defendant for any portion of the money received for the timber. The court sustained both objections. The plaintiffs' counsel desired time, that he might prove the identity of the party, which was granted. At a subsequent day said French was introduced as a witness, and testified that since the postponement of the trial he had heard a relative of Timothy Mooers, grandson of Paul Eaton, say that said Mooers was still living, in Hallowell, in the State of Maine, and had been heard from during the past summer. The defendant's counsel objected to this evidence, and the court thought it incompetent, and the plaintiffs having no other testimony to offer, the court directed a verdict for the defendant, subject to the opinion of the superior court. The plaintiffs' counsel also asks to amend, by inserting the names of the other tenants in common as plaintiffs.

*H. A. Bellows,* with *Lyford,* for the plaintiffs.

The main question is, can these four plaintiffs join in a suit against the defendant, without joining with them the other tenants in common?

The case comes within the provision of the Revised Stat-

utes, (see Comp. Stat. ch. 191, § 6,) which provides for an action of assumpsit for any co-tenant of real estate against one or more of his co-tenants for his just share of the value of any trees, &c. This is, substantially, a reënactment of the law of July 5, 1834, (Laws, 1834, p. 150,) and this evidently contemplates the joining of two or more co-tenants as plaintiffs, and evidently undertakes to provide a remedy for taking and converting the common property by one tenant in common, without the consent of the others. The remedy is designed to be ample and free from technicalities, and provides for an action, by one or more tenants who are injured, against one or more tenants offending. And this is the construction given to it in *Blake* v. *Milliken,* 14 N. H. Rep. 212, which holds that two or more may join, but are not obliged to join. It goes upon the ground that the application of any technical rule would defeat the object of the statute. It is regarded as a peculiar remedy for what, in its nature, is a tort, and not to be embarrassed by the technicalities applying to contracts.

The law now existing does not change, substantially, the law of 1834. In this case, the plaintiffs, together, own one-fifth of the property, and claim one-fifth of the money received.

The defendant has not pleaded in abatement the non-joinder of other tenants as plaintiffs, as in actions *ex delicto* he must; and at the most, he can claim nothing more in this case than the application of the rules that apply to such actions.

As to the form of action. The statute of 1834 expressly authorizes the count for money had and received, and this is in accordance with the common law remedy, where the money has been received for such common property. 1 Ch. Pl. 37, 40 ; *Cochran* v. *Carrington,* 25 Wend. 409.

A demand was not necessary. The statute does not require it. In section 5, which applies to goods and the avails thereof, received by a co-partner or joint owner, and

not accounted for, a demand is made necessary. But in section 6 no mention is made of a demand, the cases provided for being entirely different. In this case, the obligation to pay is complete ; the defendant has been guilty of a wrongful act; he has converted the plaintiffs' property, and is entitled to no notice or demand, any more than a trespasser. The cause of action being, then, complete, no demand was necessary. *Watson* v. *Walker*, 3 Foster's Rep. 471. One tenant in common may maintain a suit against another for the destruction of a chattel without demand. *Jayther* v. *Pettigrew*, 6 Ired. 388, 7 U. S. Dig. 316, § 7.

In case Timothy Mooers died pending the suit, his death would be suggested upon the record, and the action would proceed in the name of the survivors, although the plaintiffs might put the defendant to plead in abatement. So if he died before the suit was brought, the defendant could take advantage of it only by pleading in abatement. 1 Ch. Pl. 448 and notes; Story's Pl. 91.

The plaintiff cannot be put upon proof that he is living, without plea. Bac. Ab. Abat. F. On the general issue it surely furnishes no ground for a verdict for the defendant, nor is this altered by the defendant's assuming that there is another Timothy Mooers, and that the suit is in his name. Suppose his death had been pleaded in abatement, and the replication denied his death, would the plaintiff maintain the issue by showing some other Timothy Mooers to be living? But there is no proof of his death that would authorize the court, had it been in issue, as it was not, to direct a verdict for the defendant. Timothy lived in Hallowell, Maine, and is so described in the writ. He had his domicil there. The witness, living in New Hampshire, was the husband of Timothy's aunt, and he had never heard of his death, though he had not heard from him since about ten years ago, until the time when the case was tried, when he learned from a relative of Timothy that he was still living at Hallowell, and was heard from last summer.

Had this matter been in issue, the mere fact that he had not been heard of for ten years, when he had a known domicil in a neighboring State, and his death not heard of in the family, would not have been proof of his death, any more than if he had lived in this State. The defendant should have inquired at the place of his domicil. *Moore* v. *Desarts,* 3 Barb. Ch. Rep. 636, 9 U. S. Dig. 208, §§ 147, 148.

Much less would it afford a conclusive presumption. The cases of *Smith* v. *Knowlton,* 11 N. H. Rep. 191, and *Forsaith* v. *Clark,* 1 Foster's Rep. 409, are cases where the person had no known domicil, and no inquiries could be made. Besides, he had been heard of, within a year, in the family, and it matters not that it was since the suit was brought. The burden of proof is on the defendant, and he must show, affirmatively, that Timothy has not been heard from in the family; and yet the only member of the family who testifies, says that he has heard from him. See Greenl. Ev. 106. The question of amendment, by bringing in other tenants, is submitted to this court, if it becomes material.

*E. A. Hibbard* and *James Bell,* for the defendant.

1. The defendant, by his deed from Henry, was tenant in common of one-fifth, with the plaintiffs and others. No action of assumpsit, except under the statute, lies by one cotenant against another. Comp. Stat. 459, §§ 5, 6.

Tenants in common must join in personal actions, and if not joined in actions *ex contractu,* verdict must be for the defendant. 12 N. H. Rep. 369.

At common law or by statute, actions must be either joint or several. This is neither. In *Blake* v. *Milliken,* 14 N. H. Rep. 213, it was held each may sue alone, and the court say they may join; but this is no authority for a suit, neither joint nor several. If the defendant is liable to each alone, and each with every other, and every combination of all or any of the others, there can be no end to suits.

2. No demand was made. At common law, the defendant is not liable till actual neglect or refusal. He took the timber rightfully. The fifth section of the statute expressly limits actions to the case of refusal on demand, and the sixth section is based on the same reason, and cannot intend to allow co-tenants to treat each other as trespassers. This is not a tort, that could be waived and the proceeds be recovered. 13 N. H. Rep. 453. The first statute (1834) expressly provided for a demand.

3. The declaration must be special under the statute, and must be several. Any co-tenant of real estate may recover by action of assumpsit against one or more of his co-tenants. *Wright* v. *Cobleigh,* 1 Foster's Rep. 342.

No adjustment could ever be reached by actions by some against part of the co-tenants. Endless litigation would ensue. This statute gives the plaintiff " his just share," to be ascertained on full settlement. The old statute of 1834 gave him " damages sustained."

Assumpsit for money had and received lies only when the defendant holds money which, in equity and good conscience, he ought to pay over. The defendant can be liable only for what he received as net gain, and not for gross receipts, because the timber in market is worth twice its value in the woods ; therefore the action should be special.

4. The identity of the demandant, Timothy Mooers, with Timothy Mooers, grandson of Paul Eaton, was in no way shown at the trial. That was necessary to be done. See 2 Greenl. Ev. 254 ; *State* v. *Wallace,* 9 N. H. Rep. 515 ; 2 Phill. Ev. 140, 252 ; *Rex* v. *Morris,* 2 Bar. 238 ; *Batchelder* v. *Honeywood,* 2 Esp. 714 ; 1 Greenl. Ev. 541, 610 ; *Bird* v. *Ballou,* 1 Doug. 170 ; *Bain* v. *Mason,* 1 C. & P. 202 ; *Parker* v. *Henshaw,* 2 Stark. Ca. 239 ; *Jackson* v. *Christman,* 4 Wend. 277, 278, 283. Timothy, the grandson of Paul Eaton, is presumed dead ; had not been heard of by his uncle for twenty-five years. *Smith* v. *Knowlton,* 11 N. H. Rep. 191. The plaintiffs' proof, by French, was in-

competent, because it was hearsay. It does not appear to have been from a disinterested party nor a deceased relative, and is, therefore, not evidence of pedigree, and is suspicious, being after trial. Declarations of deceased relatives are competent to prove pedigree. *Waldron* v. *Tuttle*, 4 N. H. Rep. 378.

The evidence was mere hearsay by a living person, who should have been produced, and comes within no exception. Greenl. Ev. §§ 103, 104.

5. Assumpsit does not lie to try title to real estate. There appears to be no privity between the parties. The defendant has possession, and denies the plaintiffs' title. *Bigelow* v. *Jones*, 10 Pick. 161; 1 Ch. Pl. 107 and cases cited; 2 Greenl. Ev. § 120. Therefore the declaration should be special, so that the defendant may plead title.

6. The plaintiff cannot amend. By the Comp. Stat. 481, § 18, " no action shall be abated by other plaintiffs," &c. That is, where error is shown by *plea.* Here large costs have accrued on the defence that these plaintiffs have no action. If others have, let them sue.

In answer to the plaintiffs' brief, the present statute is not, substantially, a reënactment of the statute of 1834, either in relation to the form of action or to who may be parties, and was not so designed. As the old statute was defective and furnished a very inappropriate remedy, no doubt the intention was not to reënact it.

The objection of the plaintiffs, that the defendant should have pleaded in abatement the nonjoinder or misjoinder is, of course, groundless, as the plea in abatement, if any, must have been to a specification, and the matter alleged is not ground of abatement, if contained in the writ.

It is suggested this is a peculiar remedy, and the rules of the common law are superceded, and the parties may join in any number. It is contended the plea may be changed and not guilty pleaded. Our answer is, that all this is mere assumption. There is no reason to suppose the

Legislature intended to dispense with the ordinary rules which govern the action of assumpsit. If they give to a party an old action in a new case, the presumption is he takes it with all its usual incidents, its modes of pleading and proceedings, as well those relating to joinder as others. It would be strange if it were not so.

Bell, J. The provision of the Revised Statutes upon which this action is founded, and on which alone it can be supported, is as follows: " Any co-tenant of real estate may recover, by action of assumpsit, against any one or more of his co-tenants, his just share of the value of any trees destroyed, cut or carried away by such co-tenant, which were standing, lying or growing on such real estate, or of any other property attached thereto, and destroyed, severed or carried away by such co-tenant."

It is urged by the plaintiffs' counsel that this section is merely a revision of the second section of the act of 1834, entitled " An act relating to co-partners," &c., (Laws, 1834, p. 150,) and should, therefore, receive the same construction. The general principle relied on in support of this view, that where a section of a former statute is merely abridged, with such changes of phraseology as are necessary to effect such abridgement, it will not be taken that there was any design, on the part of the Legislature, to change either the effect or the construction of the statute, is, in our view, correct and sound. If this should be found, on examination, to be the character of the alteration in these provisions, we shall yield our assent to the conclusions of the plaintiffs. But, we think, there are manifest indications that the Legislature did not intend to reënact the statute of 1834, with such verbal alterations only as were designed to give it a more condensed and concise form.

By the statute of 1834, it was provided that the actions of assumpsit might be actions for money had and received or otherwise. This provision is entirely omitted. The action

now authorized is for the co-tenants' *just share of the value* of the trees destroyed. By the statute of 1834, the action was for the full amount of *the damages* the co-tenant or co-tenants may have sustained by the cutting. There seems an apparent design materially to change the provisions of the statute of 1834, and no inference can, therefore, be drawn from one, as to the just construction of the other, except as to those parts where the phraseology is substantially the same. In other cases, the statute provisions of 1842 are to be construed as original enactments.

This action is brought by four tenants in common, co-heirs of one share of the estate of Paul Eaton, deceased, under whom they claim, there being other tenants in common of four other similar shares not joined in the action. It was objected that the plaintiffs cannot recover, jointly, in this action. The action should be brought by each co-tenant, severally; or, if not by each, then it must be brought by all; that it cannot be brought by more than one, unless all join. It is not questioned that this is the rule in actions of assumpsit at common law. But, it is said, that this being a statutory remedy, an action of assumpsit for what is, in its own nature, a tort or trespass, the rules applicable to the ordinary action of assumpsit ought not to be applied, but rather those proper to actions of tort, where, if exceptions are not taken for nonjoinder of parties by plea in abatement, they cannot be taken under the general issue. It seems to us, however, that the argument of the defendant's counsel is much more cogent, that when the Legislature authorize an action of assumpsit, in a case where there is no contract, in fact, where the injury to be redressed is, in its nature, a tort, for which trespass or trover would be the natural remedy, they must have regarded the action as having qualities more suitable than the others, in this particular case, and must have designed to preserve those peculiarities. It is not, however, necessary to resort to either of these views, since, we think, the language of the statute

perfectly decisive. The co-tenant is to recover his just share of the value. The rule is clear, that in construing these statutes, words in the singular number may be construed to include more than one, if the sense requires or admits of it. Rev. Stat. ch. 1, § 1. But, in this connection, the sense does not admit of it. If several owners could have among them a just share in common, there is nothing in the language to prevent their bringing a joint action for it ; but the difficulty is, there is no common interest in these shares. The share of each co-tenant is his alone. None of the others have any interest in that share, though they have similar interests in their own shares. Several co-tenants have, therefore, no common interest in the amount recovered. Each has his own share in severalty. And if two join in an action and recover, they recover not their joint shares, but their separate shares. The wrong done to one is not a wrong done to his fellow, and, therefore, each must, at law, according to the principles adopted in all forms of action, bring his action severally. There is no analogy between this case, of an action by one tenant in common against his co-tenant, and the case of co-tenants suing a stranger, for a wrong done to the common interest. The damages resulting from such an injury are, like the property affected by the injury, common. They, and every part of them, belong, in just proportion, to each of the co-tenants. Each of these is equally entitled to the extent of his interest in the sum to be recovered, and all may reasonably and properly join in the action. Until some partition is made, their right of action is joint, and they have no separate interests. But as between themselves, the shares and rights of the co-tenants are entirely distinct, and neither has any right to complain, except of an injury done to himself.

In the terms of the statute, the action is given to one tenant in common against one or more of his co-tenants. The reason of which seems very apparent. Though several co-

tenants, in the nature of things, can have no common interest in each other's shares, yet several co-tenants may join in committing a wrong upon the common property, and there is, in such case, the utmost propriety in their being, jointly, liable to each of their fellows for the amount of their respective shares.

This action being brought, jointly, by four persons, where they have several interests and no right of action in common, cannot, therefore, be supported.

The case of *Blake* v. *Milliken*, 14 N. H. Rep. 212, cited by the counsel, being decided upon the statute of 1834, which, in terms, authorized the action to be brought by several co-tenants, is not in conflict with this decision.

It is merely a corollary from the principles stated, that the motion to amend cannot be allowed.

In the action *Wright* v. *Cobleigh*, 1 Foster's Rep. 339, we had occasion to consider the question whether the declaration, by one tenant in common against another for a share of any property received and not accounted for, should be special; and we were then of the opinion that the provision of the statute of 1834, which allowed the action for money had and received being repealed, no general count could be supported, but the declaration must be special. The general principle is clear, that the declaration must allege all the facts which are necessary to be proved, in order to maintain the action, and there is no reason for any exception in that case. The present case is, in this particular, identical with the case of *Wright* v. *Cobleigh*, and must be governed by it. The plaintiffs' action cannot be sustained in its present form.

In the previous section the action is, in terms, granted in cases where the property sued for has not been accounted for, delivered, &c., on demand. And it was held in *Perley* v. *Brown*, 12 N. H. Rep. 493, that a demand was necessary, to entitle the plaintiff to his action, of some specific property. But in the section under which this action is

brought, no demand is, in terms, required by the statute, and we do not perceive any thing in the nature of the case to render a demand essential. We think, therefore, the objection founded on the want of any allegation or proof of demand not well founded.

The remaining question relates to the proof of title in Timothy Mooers, the plaintiff. If the defendant would deny that there is any such person as the plaintiff, that, as is contended, can be done only by a plea in abatement. No question can now be made that there are such plaintiffs, and, of course, that there is such a person as Timothy Mooers, who is competent, if he can establish the title he sets up, to maintain the action. That right is controverted by the general issue, and the burden is upon the plaintiff to prove it. If the declaration had been special, as we think it should have been, it would have alleged, substantially, that Timothy Mooers was seized of a certain share or proportion of the real estate upon which the trees in question were cut, in common with the defendant; that the defendant cut, &c., and thereby became accountable to him for his share of the value of the same, and in consideration thereof promised to pay, &c. Under a general count, these facts would be the essential matters to be proved, the ownership in common and the cutting. The first thing to be proved is, that the plaintiff is seized of the share he claims of the real estate. If his name is John Smith or John Jones, or any of the common and frequently recurring names, it would be at once apparent that, to prove a John Smith to be entitled, is but one step to prove the plaintiff's title, the next is to prove that he is the same person. In the nature of things, the same question must arise in every case. It is not often a matter of controversy whether the identity of the plaintiff is established, because the doubt, if any arises, can generally be readily removed. But if a question is made, a jury is not at liberty to presume that a person even of so peculiar a name as Timothy Mooers, is the same person as the man of the

same name who is shown to be entitled to a particular estate.

In a case of some interest in its time, the *Berkley Peerage Case*, 4 Camp. 401, a failure to establish the identity of the plaintiff's ancestor, and the son of a deceased peer of the same name, was the only deficiency in the chain of the claimant's title. Beyond the identity of name, no evidence could be produced that the persons were the same.

The evidence of the witness, French, as it was given before the case was postponed, was that Timothy Mooers, his nephew and the grandson of Paul Eaton, had not been heard of in the family for ten years. The lapse of seven years without a person being heard of, raises the presumption that he is dead. *Smith* v. *Knowlton*, 11 N. H. Rep. 191. To rebut this presumption, it became incumbent on the plaintiff to produce some evidence. The evidence he did produce was merely hearsay, and, therefore, inadmissible. The witness who knew the fact should have been produced. Hearsay is, in some cases, evidence in relation to pedigree, but it is admissible only when it appears that the person whose statements are repeated is dead. *Waldron* v. *Tuttle*, 4 N. H. Rep. 378, and *Emerson* v. *White*, decided at this term.

*Judgment on the verdict.*