Grafton,
Oct. 6, 1908.

## STATE *v.* BURT.

The word "man," as used in section 15, chapter 278, Public Statutes, is not limited to adults, but includes persons of the male sex who have arrived at the age of puberty, or are capable of committing rape.

In an indictment for rape upon a woman child, the allegation as to age is sufficiently definite if it gives positive information as to the child's years and shows that she was below the age of consent.

A respondent in a proceeding brought in the superior court under the criminal law of the state is not entitled to be tried under the provisions of the juvenile court act (Laws 1907, c. 125), upon the ground that he is a minor under the age of seventeen years.

A remark in argument by a prosecuting attorney, that sentence of imprisonment would be unlikely to follow a conviction of the respondent, is but an erroneous statement of law, the prejudicial effect of which is neutralized by an instruction to the jury that it should be disregarded.

INDICTMENT, charging the respondent with committing rape upon a woman child eleven years old. Trial by jury and verdict of guilty. Transferred from the October term, 1907, of the supe-

rior court by *Stone*, J.   The questions raised by the respondent's exceptions are stated in the opinion.

*Marshall D. Cobleigh*, solicitor, for the state.

*Fred B. Lang* and *George W. Pike*, for the defendant.

BINGHAM, J.   The indictment is sufficient.   It charges that the respondent, at Haverhill in our county of Grafton, on the third day of August, 1907, unlawfully and carnally knew and abused C. W., a woman child under the age of fifteen years, to wit, of the age of eleven years.   Section 15, chapter 278, Public Statutes, reads as follows: "If any person shall ravish and carnally know any woman, committing carnal copulation with her by force, against her will, or if any man shall unlawfully and carnally know and abuse any woman child under the age of sixteen years, he shall be imprisoned not exceeding thirty years."

The indictment in this proceeding is brought under the latter provision of the statute; and it is argued by counsel for the respondent that the word "man" as there used means a male adult, as distinguished from a boy, and is an essential allegation in an indictment charging the offence.   But it seems to us that the sense in which the word is used is to be ascertained by considering the mischief or evil to be remedied in the enactment of the law, namely, the prevention of illicit intercourse between the sexes and the consequent evils.   This being the purpose of the law, the word "man" must have been intended to apply to and include persons of the male sex who have arrived at the age of puberty, or are capable of committing rape.   "There is quite as good reason for curbing the impetuosity of youth as for laying the ban upon men of maturer years."   *State* v. *Seiler*, 106 Wis. 346, 350, 351; *Kenyon* v. *People*, 26 N. Y. 203, 211.   The history of our statute also shows that the words "any person" and "any man" have been used indiscriminately, without distinction of meaning, and not as descriptive of the offence.   Laws, *ed.* 1830, *p.* 137, *s.* 6; R. S., *c.* 214, *s.* 6.

It was not necessary that the indictment should charge in the language of the statute that the woman child upon whom the offence was committed was "under sixteen years of age."   These words simply fix a period in the age of women below which the crime will be committed upon them, whether accomplished with or without their consent.   It was first fixed at ten years.   Laws, *ed.* 1830, *p.* 137, *s.* 6.   In 1887 it was raised to thirteen years (Laws 1887, *c.* 99, *s.* 1), and subsequently to sixteen years.

Laws 1897, c. 35, s. 1. The allegation in the indictment as to age is sufficiently definite. It gives positive information ˚as to the child's age and that she was below the age of consent. *Bonner* v. *State*, 65 Miss. 293; *State* v. *Erickson*, 45 Wis. 86.

The request of the respondent that he be tried under the provisions of the juvenile court act regulating the treatment and control of dependent and delinquent children (Laws 1907, c. 125), upon the ground that he was a minor under seventeen years of age, was also properly denied. Although his conduct may have been such that, in a proceeding before a justice or police court under the provisions of chapter 125, he could have been found to be a delinquent child, it is to be noted that this proceeding is not brought before such a court or under the provisions of chapter 125, but in the superior court under the penal laws of the state, charging the respondent with the commission of a crime. Section 18, chapter 125, expressly provides that it shall not " be construed to repeal any portion of the criminal law of the state, nor to in any manner abridge the powers of the superior court "; and as this is a criminal proceeding brought in the superior court, it necessarily follows that the provisions of this chapter are in no way applicable. Moreover, chapter 125 does not contemplate the punishment of children for infractions of the criminal laws. Its purpose is to provide them with an environment such as will save them to the state and society as useful and law-abiding citizens. This is clearly pointed out in section 19, where it directs " that the care, custody, and disposition of a child shall approximate as nearly as may be that which should be given by its parents." The same purpose is manifested in sections 15 and 16, where provision is made for binding over to the superior court for trial any child brought before a justice or police court under section 5, who in its opinion " ought to be subjected to punishment " for " violation of any of the laws of this state." Original jurisdiction is given to justices and police courts by section 2, and it would seem that section 18 preserves the right of appeal to the superior court in such matters.

The solicitor in his opening and counsel for the respondent in his closing argument stated to the jury that conviction might result in a sentence of thirty years' imprisonment. Subject to exception, the solicitor in his closing argument said: " I believe if you look at this candidly, go all over it, that you can come to but one conclusion, and that is that the boy is guilty of the crime of which he stands charged. Do not be frightened that he will get thirty years in prison; it is a mere possibility; it is a probability that, whatever your verdict may be, he will never see the prison wall."

My associates are of opinion that this was but an erroneous statement of law which the jury were instructed to disregard, and that it did not render the trial unfair. In this I do not agree. It seems to me that the conduct of the solicitor had a direct tendency to cause the jury to treat the matter of arriving at a verdict lightly, and to prejudice the respondent's cause. They are also of opinion that the exception taken to the remarks of the trial court should not be sustained; that the conduct of the respondent's counsel was captious and merited the rebuke given.

*Exceptions overruled.*

All concurred.