Sullivan,
Oct. 5, 1915.

## STATE *v.* LOUIS TETRAULT.

A person's age may be proved by his own testimony.

The parents of an adopted daughter may testify as to the date of her birth, upon information given them by the child's aunt who has since deceased.

Whether one offered as a witness has sufficient mental capacity to testify is a question of fact determinable by the trial court.

Upon a trial for statutory rape, evidence of advances made to the prosecutrix by the respondent at a time subsequent to the offence alleged in the indictment, and indicating prior improper relations between them, is admissible as tending to corroborate the state's theory of guilt.

Where the state makes no claim that a respondent charged with statutory rape had exclusive opportunity to commit the offence, evidence that the prosecutrix was familiar with other men is properly excluded.

Counsel for a respondent cannot be permitted to state to the jury the penalty prescribed for the offence with which his client is charged.

INDICTMENT, for statutory rape. Trial by jury and verdict of guilty. Transferred from the November term, 1914, of the superior court by *Branch*, J., upon exceptions to the admission and exclusion of evidence, to a refusal to permit counsel to state the penalty to the jury, and to the charge. The facts are stated in the opinion.

*Frank O. Chellis*, solicitor, and *James A. Moynihan* (*Mr. Moynihan* orally), for the state.

*Hurd & Kinney*, for the defendant.

PEASLEE, J. The crime was alleged to have been committed upon a feeble-minded girl under sixteen years of age. She was an adopted child and had been known to her adoptive parents since she was supposed to be three years old. Subject to exception, they were permitted to state her age and the date of her birthday. The sources of their information were statements to them by her aunt (who was dead at the time of the trial), her appearance when they first knew her, and the time when she arrived at puberty. The two latter circumstances are of little consequence in this case, for the offence is alleged to have been committed less than two months before the prosecutrix's sixteenth birthday.

Ordinarily, any member of a family is permitted to testify to matters of family history, including, of course, facts as to age or

date of birth. It is not necessary to determine whether the rule is made inapplicable by the fact that the person whose age was in question did not become a member of the family to which the witness belonged until three years after the event in her history to which their testimony related took place. The source of information was fully disclosed by the evidence. It appeared that the witnesses fixed the date of the prosecutrix's birth as August 8, 1888, because they had been told that was the fact by her aunt. The whole substance of the evidence as to the date was that the aunt said it was as stated. The aunt being dead, her statement was properly received. *Emerson* v. *White*, 29 N. H. 482; *Waldron* v. *Tuttle*, 4 N. H. 371, 378. If there was technical error in the presentation of this evidence, there was none in substance. The jury must have understood that the adoptive parents neither had nor claimed to have any personal knowledge of the fact in question, and that they based their belief upon the competent declaration of the aunt.

The theories upon which testimony as to pedigree is admitted are not wholly harmonious. By most of them the positive statement of the fact in question by these adoptive parents would be received as evidence. 2 Wig. Ev., *s.* 1489. Whether these precedents should be followed, or whether the stricter limitation sometimes insisted upon should be applied, the result here would be the same.

The prosecutrix was permitted to testify, subject to the defendant's exception. The question of her mental capacity was one of fact to be decided by the presiding justice. *Day* v. *Day*, 56 N. H. 316. The conclusion that she was of sufficient capacity was based upon evidence warranting the finding and therefore is not open to revision here. *State* v. *Sawtelle*, 66 N. H. 488, 502.

The admission of her testimony as to her own age was in accordance with the best authorities. "Strictly speaking, one cannot know his exact age except upon hearsay information; for he is not capable of knowing this, or anything, until an appreciable time after birth. But practically a person's belief on this point has a satisfactory basis. Courts have commonly preferred to accept this practical certainty rather than to insist on academic nicety." 1 Wig. Ev., *s.* 667, and cases cited.

Several witnesses testified to advances made to the prosecutrix by the defendant when they met at a time subsequent to the date of the alleged offence. The conduct of the parties at this time was

such as to indicate that they had probably had improper relations before, and thus tended to corroborate the state's theory of the defendant's guilt. There was no error in the admission of this evidence.

The defendant offered to prove that the prosecutrix was seen away from her home with other men at about the time in question. The exception to the exclusion of this evidence is urged upon the ground that the state's witnesses claimed that the defendant had exclusive opportunity. The prosecutrix was pregnant at the time of the trial, and if the claim as to the state's position were true, the exception would be well grounded. But the state had taken no such position. Such evidence as there was upon the question was brought out by the defendant's counsel upon cross-examination. The question upon this exception is, therefore, whether the evidence tended to show "guilt in another inconsistent with his own participation in the crime." *State* v. *Wren*, 77 N. H. 361, 363. It is apparent that the evidence offered had but slight tendency in the desired direction and that its exclusion was not erroneous as matter of law. The question at issue was not the paternity of the child, nor the consent of the prosecutrix, but whether the defendant had intercourse with her.

Counsel also excepted to a refusal of permission to state to the jury the penalty prescribed for the offence and now argue that such statement should be permitted because more evidence should be required to convict of a serious crime than of a trivial one. However well founded the contention may be in morals or philosophy, it has no place in the law. The rule is, proof beyond a reasonable doubt in each case. The jury had no duty to perform in the assessment of the penalty and therefore no occasion to know what it might be. The exclusion of this matter from their consideration was in accord with the uniform practice in this state.

The exception to the charge presents only questions as to the admissibility of the evidence of the prosecutrix's age and is disposed of by the conclusion that there was no error in the admission of the evidence.

*Exceptions overruled.*

All concurred.