Grafton
No. 79-428

# The State of New Hampshire

v.

# Robert D. Ebelt

March 11, 1981

*Gregory H. Smith*, acting attorney general (*Brian L. Tucker*, attorney, on the brief and *Paul J. Barbadoro*, attorney, orally), for the State.

*Judith M. Kasper*, Grafton County Public Defender, by brief and orally, for the defendant.

DOUGLAS, J. ■ This case presents two questions: (1) whether, in a statutory rape case, a birth certificate is admissible as evidence of the prosecutrix's age when the prosecutor fails to show that the prosecutrix is the person named in the certificate, and (2) whether the prosecutrix's testimony as to her own age is admissible when her knowledge is based solely on that birth certificate. We hold that under such circumstances neither the birth certificate nor the testimony is admissible.

The defendant, Robert Ebelt, was charged with felonious sexual assault in violation of RSA 632-A:3 (Supp. 1979) (statutory rape). The indictment alleged four counts of sexual penetration of "Deborah Ebelt," a child under sixteen years of age, during July 1978. Prior to trial, the defendant filed a motion to suppress the birth certificate of "Deborah Lynn Ebelt" and any testimony regarding the prosecutrix's age based on that document. The grounds for the defendant's motion were that the State had offered no proof that the prosecutrix was the person named in the birth certificate and that the prosecutrix had no knowledge of her age other than from that document. The Superior Court (*Johnson*, J.) denied the defendant's motion. At trial, the only evidence the State offered of the prosecutrix's age was the birth certificate and the prosecutrix's testimony. The jury found the defendant guilty.

■■ The defendant argues that the birth certificate was inadmissible as a matter of law because it was irrelevant. We agree. Relevant evidence is evidence that tends "to establish a fact of consequence to the determination of the action." *Welch v. Bergeron*, 115 N.H. 179, 182, 337 A.2d 341, 343 (1975). One of the facts

at issue in this case is the age of the prosecutrix. *See* RSA 632-A:3 (Supp. 1979). The State correctly points out that a birth certificate is prima facie evidence of a date of birth. *Groulx v. Groulx*, 98 N.H. 481, 486, 103 A.2d 188, 191 (1954). Nonetheless, not just any birth certificate is relevant, *see People v. Hernandez*, 18 Cal. App. 3d 651, 658, 96 Cal. Rptr. 71, 74–75 (1971); a birth certificate of Jane Smith would not tend to prove the prosecutrix's date of birth.

For a birth certificate to be admissible, there must be evidence to establish the identity of the person named in the certificate. *See State v. Winkley*, 14 N.H. 480, 494 (1843); *State v. Wallace*, 9 N.H. 515, 516–17 (1838); *cf.* 7 J. WIGMORE, A TREATISE ON THE ANGLO-AMERICAN SYSTEM OF EVIDENCE IN TRIALS AT COMMON LAW § 2129 (3d ed. 1940). Ordinarily the identity of a witness is not a problem, but the facts of this case raise a question of whether the prosecutrix is indeed the person named in the birth certificate. In 1969 the prosecutrix was abandoned by a couple named "Aldrich." At that time she was called "Debbie Ebert." The New Hampshire Division of Welfare became the child's legal guardian, but it had no information on her background prior to that time. In 1974 a division of welfare employee discovered the birth certificate of a "Deborah Lynn Ebelt" (not Ebert) and associated it with the prosecutrix. There is no evidence in the record to indicate why the division of welfare concluded that the birth certificate was the prosecutrix's. We assume that it was based in part on the similarity of names and on the fact that the child celebrated her birthday on March 25 and the date of birth given in the certificate was March 22.

 This court has held that, when a person's identity is questioned, sameness of name is insufficient evidence of identity, even when the name is unusual. *Mooers v. Bunker*, 29 N.H. 420, 431–32 (1854); *see* 9 J. WIGMORE, A TREATISE ON THE ANGLO-AMERICAN SYSTEM OF EVIDENCE IN TRIALS AT COMMON LAW § 2529 (3d ed. 1940). We have also noted that, when extradition papers contain only a person's name and date of birth, he has the right to require the State to establish that he is the person named in the requisition papers. *Reeves v. Cox*, 118 N.H. 271, 274, 385 A.2d 847, 850 (1978). Since the same name and birth date are inadequate evidence of identity, similarity of name and birth date are manifestly not enough. The State had the burden of establishing the prosecutrix's identity. *See State v. Ward*, 118 N.H. 874, 878, 395 A.2d 511, 513 (1978). Absent proof that "Debbie Ebert" and "Deborah Lynn

Ebelt" are one and the same person, the birth certificate was inadmissible. *Cf. State v. Reenstierna*, 101 N.H. 286, 288, 140 A.2d 572, 574 (1958).

■■ We also find merit in the defendant's argument that the prosecutrix's testimony as to her age, which was based solely upon the birth certificate, was inadmissible. Technically, a person's testimony as to his own age is hearsay because he cannot have personal knowledge of the event. 3 CRIMINAL DEFENSE TECHNIQUES § 53.03 [3] (M. Eisenstein & J. Dunleavy ed. 1980); 2 J. WIGMORE, EVIDENCE IN TRIALS AT COMMON LAW § 667(5) (rev. ed. 1979). Such testimony, however, is commonly accepted by courts. *Id.* The State rightfully notes that the court has held that the prosecutrix in a statutory rape case may testify as to her own age. *State v. Tetrault*, 78 N.H. 14, 14–15, 95 A. 669, 670 (1915). That case is inapposite. It indicates that a witness is permitted to testify as to her own age because there is usually a practical basis for such knowledge. *Id.* at 15, 95 A. at 670; WIGMORE, *supra* at § 667(5). In that case, the prosecutrix learned of her age from her adoptive parents, who had been told the date by the child's aunt. *State v. Tetrault supra.* In those circumstances the prosecutrix's testimony as to her age possessed the characteristics of trustworthiness and reliability that justified its admission as an exception to the hearsay rule. *See State v. Russell*, 114 N.H. 224–26, 317 A.2d 781, 782 (1974). In this case, there is no such sound basis for the prosecutrix's testimony. Under oath, she stated that the origin of her knowledge of her age was the birth certificate; before she saw that document she went by another name and celebrated a different birthday. In fact, there is evidence that she originally believed herself to be a year older than the age shown by the birth certificate. Because there is no corroboration of the prosecutrix's age, her testimony is inadmissible. *Cf. People v. Tucker*, 363 N.Y.S.2d 180, 181 (App. Div. 1975).

■■ The facts of this case present a close question as to whether the prosecutrix was fifteen years old at the time of the alleged acts, or was sixteen. If she was sixteen, then the defendant's conduct, although reproachable, does not fall within the statutory proscription. RSA 632-A:3 (Supp. 1979). The State must prove beyond a reasonable doubt every element of the crime charged. *In re Winship*, 397 U.S. 358, 364 (1970); *State v. Adelson*, 118 N.H. 484, 486, 389 A.2d 1382, 1384 (1978). Because the birth certificate

and the prosecutrix's testimony of her age were improperly admitted, there is insufficient evidence to sustain the jury's verdict. *Cf. Jackson v. Virginia*, 443 U.S. 307, 315 (1979); *State v. Kiluk*, 120 N.H. 1, 4, 410 A.2d 648, 650 (1980).

*Reversed.*

BOIS, J., did not sit; the others concurred.