Rockingham
No. 85-444

### The State of New Hampshire

v.

### Barry Beede

November 7, 1986

*Stephen E. Merrill*, attorney general (*Andrew W. Serell*, attorney, on the brief), by brief for the State.

*Joanne S. Green*, assistant appellate defender, of Concord, by brief for the defendant.

SOUTER, J.   In the course of a criminal jury trial, the county prosecutor posed a question improperly suggesting that the defendant would receive a lengthy sentence if convicted. The defendant responded with a motion for mistrial, which the Superior Court (*Temple*, J.) denied. We affirm the conviction.

The record indicates that the defendant was a problem drinker, a criminal offender, and a general nuisance to the Plaistow Police Department in the years before the related events in 1983 and 1984 that led to the trial in question. Those events left him facing charges of operating a motor vehicle while under the influence of intoxicating liquor, subsequent offense, operating after revocation, resisting arrest, escape, and attempted murder of a police officer. The charges were consolidated for trial, at which police officer Joseph Coakley testified that the defendant had attempted to shoot him. The defendant took the stand and was subjected to a cross-examination designed to portray him as a menace to society. In the course of his responses, he acknowledged that he had told a newspaper reporter that "[a] person that drinks alcohol is not going to stop drinking unless he wants to . . . . I don't care if they put him in jail 30 or 40 years, put him in school every night of the week."

A few minutes later, the prosecutor began a further question with this preamble:

> "And would you want this jury to believe that if it happened just like Joe Coakley said it did, Joe Coakley who stood here for over two hours, that you come to this courtroom knowing that you're going to end up going to jail for 30, 40 years, possibly, using your language, look him in the eye—"

Defense counsel's ensuing objection was sustained.

In a subsequent chambers conference, defense counsel moved for a mistrial on the ground of prejudice caused by the reference to the possible length of incarceration. Although the prosecutor responded by explaining that his reference to jail was merely an allusion to the defendant's prior testimony, the trial court found that the jury would have interpreted the question to mean that "if [the jury] believed the State's case, [the defendant] would get 30 or 40 years." The judge nevertheless denied the motion.

When the trial resumed, the judge told the jurors that he had sustained the objection because they might have thought that the prosecutor's reference to a possible thirty or forty-year sentence could "apply to this case, which it could not . . . ." The judge proceeded to remind the jurors that they were "not to entertain or even consider what the conviction might result in as far as any sentence," since sentencing was not within their province, and he asked them to strike the prosecutor's question from their minds. Defense counsel made no further objection or request, and the prosecutor proceeded with his cross-examination. The jury returned verdicts of guilty to all charges except that of attempted murder, in lieu of which they found the defendant guilty of attempted second-degree assault.

In this appeal from the refusal to declare a mistrial, we need not linger long over the propriety of the prosecutor's comment. The court's interpretation of the language was probably the only reasonable one, and the question as so viewed was improper under the holding of *State v. Tetrault*, 78 N.H. 14, 95 A. 669 (1915), that "[t]he jury had no duty to perform in the assessment of the penalty and therefore no occasion to know what it might be." *Id.* at 16, 95 A. at 670. *See State v. Burt*, 75 N.H. 64, 66–67, 71 A. 30, 31 (1908). The rule is the same today. *See State v. Avery*, 126 N.H. 208, 212, 490 A.2d 1350, 1353 (1985); *see also State v. Elbert*, 125 N.H. 1, 13, 480 A.2d 854, 861 (1984).

When an improper comment or other trial error does bring the extent of a potential criminal penalty to a jury's attention, how-

ever, the corrective response need not necessarily be a declaration of mistrial. At least when error does not result from willful misconduct, we have held that mistrial is warranted only if the improper statement or testimony is "both preponderantly and irremediably prejudicial." *State v. Elbert, supra* (citation omitted). Under this standard, there was no need to declare a mistrial in the instant case.

■ There is, first, a real question whether the prosecutor's suggestion was prejudicial to the defendant at all, let alone preponderantly so. Although evidence of potential incarceration is always irrelevant to guilt or innocence, observations in our prior cases indicate that the prejudicial tendency of such evidence depends upon the relative severity or leniency of the penalty. Thus, in *State v. Tetrault supra*, defense counsel sought to inform the jury of the prescribed penalty, on the legally erroneous pretext that "more evidence should be required to convict of a serious crime than of a trivial one." *Id.* at 16, 95 A. at 670. The higher the penalty, the easier the acquittal; such was counsel's apparent psychological premise. Conversely, in *State v. Burt supra*, Justice Bingham plausibly argued that the prosecutor made it easier for the jury to convict when he stated that "it is a probability that, whatever your verdict may be, [the defendant] will never see the prison wall." *Id.* at 66–67, 71 A. at 31. We believe that the assumptions revealed in these cases are generally sound and accordingly think that in this case the prosecutor's reference to long incarceration tended to make conviction more difficult, not less so. *Accord State v. Avery supra* (prosecutor's question indicating the defendant would "be spending a lot of years behind bars" if convicted did not require mistrial under *Elbert* standard).

■ It is unnecessary to carry the analysis to a fine point, however. Where the prejudicial character of the error is as debatable as we have indicated, there is good reason to conclude that any prejudice may be cured by special instructions to the jury. Accordingly, there was no irremediable prejudice, and the motion for mistrial was properly denied.

■■ The defendant seeks to inject a further issue into the case when he argues that the court's curative instruction was insufficient to purge any such prejudice as there may have been. The defendant did not, however, raise this issue in the superior court. Obviously, a motion for mistrial has no reference to the merits of a corrective instruction that has yet to be delivered. Unless a defendant challenges that instruction after the court has given it, or objects to a refusal to give any instruction at all, he does not raise any further issue to which the trial court can respond. The defendant made no

response to the trial court's instruction to the jury in this case, and he thus waived any objection that he might have taken. *See Daboul v. Town of Hampton*, 124 N.H. 307, 471 A.2d 1148 (1983). It is fair to add, though, that his waiver has no practical significance; the trial court's instruction was clearly adequate to meet any arguable prejudice.

On like reasoning we should note that there is no occasion here for the defendant's argument that the combination of the original impropriety and the trial court's response was not harmless error. Once it has been decided that a trial court properly denied a motion for mistrial, that ruling is not subject to a harmless error analysis, for the simple reason that it was not error at all. Although a later, erroneous ruling on a request for, or objection to, a curative instruction could be the occasion to consider harmless error, no issue was raised about the curative instruction in this case. *Cf. State v. Avery*, 126 N.H. 208, 213, 490 A.2d 1350, 1353–54 (1985).

*Affirmed.*

All concurred.