Rockingham
No. 2008-380

THE STATE OF NEW HAMPSHIRE

v.

RONALD TAYAG

Argued: April 16, 2009
Opinion Issued: June 17, 2009

*Kelly A. Ayotte*, attorney general (*Susan P. McGinnis*, senior assistant attorney general, on the memorandum of law and orally), for the State.

*Todd R. Russell*, public defender, of Manchester, on the brief and orally, for the defendant.

DUGGAN, J. Following his conviction for aggravated felonious sexual assault (AFSA), *see* RSA 632-A:2, I(l) (Supp. 2008), the defendant, Ronald Tayag, appeals the ruling of the Superior Court (*Lewis*, J.) denying his motion to dismiss. We affirm.

The record reveals the following facts. During the week of July 3-10, 2004, the defendant's brother, Raymond Tayag, rented a vacation home in Hampton Beach. The defendant, Raymond and several other relatives stayed at the beach house during the week. Raymond's daughter, R.T., arrived on July 5. During the vacation, the adults slept in bedrooms on the second floor and the children slept in a recreation room on the first floor. R.T. slept with her brother on a trundle bed that pulled out from underneath a daybed, one cousin slept on the daybed, and two other cousins shared a pullout couch.

R.T. testified that during one evening of the vacation, she went to sleep before the other children and slept on the outside of the trundle bed. She testified that she awoke in the middle of the night when she felt the defendant's fingers inside her vagina; her underwear and shorts were pushed to one side, and the defendant was standing over her. R.T. testified that when she moved, the defendant went back to the cot in the recreation room where he was sleeping that particular night.

During the direct examination of R.T., the State asked R.T. her date of birth. The defense objected on hearsay grounds, arguing that R.T. "is only going to testify [to her] date of birth [based upon] what somebody else told her her date of birth was." The defense argued that "[R.T. is] very close to her thirteenth birthday, and the State needs to introduce some kind of official birth certificate or official record. She has no memory of her birth." The trial court deferred ruling on the matter and R.T. was able to testify that she was twelve years old in July 2004. R.T. was the State's last witness.

After the State submitted its evidence, but prior to the close of its case, the trial court heard foundation testimony from R.T., outside of the presence of the jury, to establish her knowledge of her date of birth. R.T. testified that she knew her date of birth because she had seen her birth certificate as recently as two months earlier, her biological mother told her it was that date, and she usually had a birthday party on that day each year. The trial court then found that R.T. could testify to these same facts before the jury, which she did.

At the close of the State's case, the defendant moved to dismiss, arguing the State failed to submit sufficient evidence of the defendant's mental state and R.T.'s age. The trial court denied both motions, and the jury returned a verdict of guilty. This appeal followed.

On appeal, the defendant argues that the trial court erred in denying his motion to dismiss for insufficient evidence. The defendant first argues that the State presented only circumstantial evidence of the *mens rea* of knowingly, and that "[n]o reasonable juror could have ruled out, beyond a reasonable doubt, the conclusion that [the defendant] may have acted recklessly or negligently." He next argues that the State did not meet its burden to prove R.T.'s age because it submitted uncorroborated evidence that R.T. was under the age of thirteen at the time of the offense and "failed to produce a birth certificate or question a witness with personal knowledge about the victim's age."

To succeed on his motions to dismiss,

> [t]he defendant had to establish that the evidence viewed in its entirety, giving the State the benefit of all reasonable inferences, was insufficient to prove beyond a reasonable doubt that he was guilty of the crime charged. When reviewing the trial court's denial of a motion to dismiss, we view the evidence and reasonable inferences arising therefrom in the manner most favorable to the State.

*State v. Littlefield*, 152 N.H. 331, 349-50 (2005) (quotation omitted). Moreover, "[t]o prevail on his challenge to the sufficiency of the evidence, the defendant must prove that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt." *Id.* at 350 (quotation omitted).

The defendant was charged with one count of AFSA pursuant to RSA 632-A:2, I(l). The State had the burden to prove that the defendant (1) sexually penetrated R.T., (2) when she was under the age of thirteen, and (3) that he acted knowingly. *See* RSA 632-A:2, I(l); *State v. Ayer*, 136 N.H. 191, 194-95 (1992). We initially address the defendant's argument concern-

ing the State's burden to prove he acted knowingly, which RSA 626:2, II(b) (2007) defines as: "A person acts knowingly with respect to conduct or to a circumstance that is a material element of an offense when he is aware that his conduct is of such nature or that such circumstances exist."

■ "Because persons rarely explain to others the inner workings of their minds or mental processes, a culpable mental state must, in most cases . . . be proven by circumstantial evidence." *State v. DiNapoli*, 149 N.H. 514, 516 (2003) (quotation omitted). "When the evidence is solely circumstantial, it must exclude all rational conclusions except guilt. Under this standard, however, we still consider the evidence in the light most favorable to the State and examine each evidentiary item in context, not in isolation." *Littlefield*, 152 N.H. at 350. "The proper analysis is not whether every possible conclusion has been excluded but, rather, whether other *rational* conclusions based on the evidence have been excluded." *State v. Cobb*, 143 N.H. 638, 658 (1999). "The jury is entitled to infer the requisite intent from the defendant's conduct in light of all the circumstances in the case." *DiNapoli*, 149 N.H. at 516 (quotation and brackets omitted).

■ Here, R.T. testified she was twelve years old when she vacationed at the beach house, and that during her visit she slept in a trundle bed with her brother. She testified that one night she awoke when she felt the defendant's fingers inside her vagina, her shorts and underwear were pushed to one side, and the defendant was standing over her. Based upon this evidence, and the inferences to be drawn therefrom most favorably to the State, a rational jury could conclude that the defendant acted knowingly when he inserted his fingers into R.T.'s vagina. There is no evidence that supports any other rational conclusion. Moreover, R.T. testified that when she moved, the defendant "ran back [to] the cot" where he was sleeping, conduct that the jury could have concluded "illuminates intent" *i.e.*, the defendant knew what he was doing and knew that it was wrong. *DiNapoli*, 149 N.H. at 517. The defendant's argument that the State failed to prove the requisite mental state is therefore without merit.

We next address the defendant's argument that the State submitted insufficient evidence of R.T.'s age. The State initially argues that this issue was not preserved for appeal because R.T. was able to testify as to her age without objection from defense counsel. We conclude that because the defendant's argument concerns the sufficiency of evidence, the issue was preserved by his motion to dismiss at the close of the State's case; we thus address the merits of the argument.

The defendant argues that the State submitted only R.T.'s testimony of her age and date of birth, and that such evidence is insufficient to satisfy the State's burden. He argues that the State should have submitted R.T.'s

birth certificate or testimony from R.T.'s mother to corroborate R.T.'s testimony. He requests that in cases in which the victim's age is an element, we adopt a rule that the witness must have a sound basis for the knowledge *and* it must be corroborated. The defendant points to *State v. Ebelt*, 121 N.H. 143 (1981), to support this request.

In *Ebelt*, the defendant was charged with felonious sexual assault pursuant to RSA 632-A:3 (Supp. 1979), which required the State to prove that the victim was under the age of sixteen at the time. *Ebelt*, 121 N.H. at 144. The issue was whether the victim could testify as to her age when her knowledge was based upon a "discovered" birth certificate and the facts presented a close question as to whether she was fifteen or sixteen at the time of the offense. *Id.* at 145, 146. The victim testified that "the origin of her knowledge of her age was the birth certificate; before she saw that document she went by another name and celebrated a different birthday." *Id.* at 146. She had been abandoned by a couple named "Aldrich." She was called "Debbie Ebert" and the birth certificate upon which she relied was discovered by an employee of the division of welfare and listed a "Deborah Lynn Ebelt." *Id.* at 145.

■ We noted that "[t]echnically, a person's testimony as to his own age is hearsay because he cannot have personal knowledge of the event." *Id.* at 146. We held, however, that where there is a "practical basis for such knowledge," the witness is permitted to testify as to his or her age or date of birth. *Id.* (citing *State v. Tetrault*, 78 N.H. 14, 14-15 (1915)). To justify its admission as an exception to the hearsay rule, the basis for the witness's knowledge must possess requisite "characteristics of trustworthiness and reliability." *Ebelt*, 121 N.H. at 146; *see Tetrault*, 78 N.H. at 15 (finding witness had a sound basis for her knowledge where she learned it from her adoptive parents, who had been told by her aunt); N.H. R. Ev. 803(19); *State v. Mitchell*, 568 N.W.2d 493, 500 (Iowa 1997) (holding witness testimony as to age falls under evidence rule 803(19)). It is only where there is no sound basis for the witness's knowledge that there must be corroboration. *Ebelt*, 121 N.H. at 146. Based upon the facts in *Ebelt*, we concluded that the witness did not have a sound basis to testify as to her age, which therefore required corroboration to be admissible. *Id.*

■ Here, the defendant does not argue that R.T.'s testimony as to her age was inadmissible. Instead, the defendant argues that her testimony alone is insufficient to prove this element of the offense. We disagree. "The testimony of the victim shall not be required to be corroborated in prosecutions under this chapter." RSA 632-A:6, I (2007). Provided the

complaining witness has a sound basis for his or her knowledge — making the testimony admissible pursuant to *Ebelt* — that evidence is sufficient to prove the element of age.

R.T. testified that she was twelve years old at the time of the offense. She testified that she learned her date of birth from her biological mother, she saw her birth certificate with the same date of birth as recently as two months earlier, and she celebrates her birthday on the same day each year. There was a practical basis for her knowledge, which possessed "the characteristics of trustworthiness and reliability" to justify its admission. *Ebelt*, 121 N.H. at 146. Moreover, unlike *Ebelt*, there was no evidence at trial that R.T. could possibly have a different date of birth. As such, her testimony did not require corroboration, and the State was not required to produce her birth certificate to satisfy its burden. The jury could have found beyond a reasonable doubt that R.T. was twelve years old at the time of the offense based upon her testimony.

*Affirmed.*

BRODERICK, C.J., and DALIANIS and HICKS, JJ., concurred.