[Crim. No. 311. Second Appellate District.—November 28, 1913.]

THE PEOPLE, Respondent, v. A. B. SMITH, Appellant.

CRIMINAL LAW—MISCONDUCT OF DISTRICT ATTORNEY—WHETHER PREJU-
DICIAL.—Where a district attorney by his conduct surrounds a case
with an atmosphere of adverse comment, remark, and running argu-
ment throughout a trial, or takes unfair advantage of the defendant
by intimating to the jury something that is either not true or not
capable of being proved in the manner attempted, such misconduct
may become such serious error that it may be presumed to have
caused prejudice against the defendant and to have prevented him
from having a fair trial. But an isolated and comparatively unim-
portant imprudence in conduct, such as smiling incredulously at
the testimony of the defendant concerning his alleged ill treatment
while under arrest, has no such consequences.

ID.—INCEST—SUFFICIENCY OF EVIDENCE—CORROBORATION OF TESTIMONY
OF ACCOMPLICE.—In this prosecution of a man for incest there is
sufficient evidence to corroborate the testimony of the accomplice,
his daughter, and to justify the verdict of guilty; it being admitted
by him, as well as shown by her testimony, that they occupied the
same apartments at a hotel for several weeks, and there being evi-
dence that he registered them at the hotel as husband and wife and
introduced her to others as his wife.

APPEAL from a judgment of the Superior Court of San Diego County and from an order refusing a new trial. W. A. Sloane, Judge.

The facts are stated in the opinion of the court.

Ralph F. Twombly, and John D. Dawson, for Appellant.

U. S. Webb, Attorney-General, and George Beebe, Deputy Attorney-General, for Respondent.

CONREY, P. J.—The defendant, having been convicted of
the crime of incest, appeals from the judgment on the verdict,
and from an order denying his motion for a new trial.

On behalf of appellant it is claimed that he was prejudiced
by certain questions, insinuations and remarks by the district
attorney, which occurred during the cross-examination of the
defendant, all of which it is claimed caused passion and preju-
dice against the defendant in the minds of the jury.   During
said cross-examination the defendant had testified to the fact
that while under arrest he was taken from the city jail and
was kept for some time in the county hospital, and that he
was filled full of whisky and questioned by a certain police-
man.   The alleged misconduct of the district attorney, if con-
firmed at all by the record, is covered by the following:

"Q. by District Attorney: They treated you pretty bad
down there, did they, Mr. Smith?

"Defendant's Attorney: If the court please, I object to this
conduct on the part of counsel and assign it as error.   It is
not proper or ethical.

"District Attorney: I admit I should not smile, but some
things are too funny.

"The Court: Counsel should not express their feelings that
way.   The jury will judge.

"District Attorney: I understand that, your honor.   I don't
want the jury to convict anybody because I smile."

It is possible that the manner of the district attorney, his
tone of voice, and smile of incredulity were subject to criti-
cism, and the judge was evidently of that opinion.   But the
incident standing alone is of minor importance and does not
relate to a material matter, and cannot appropriately be mag-
nified by imagining evil effects.   The facts shown are not suffi-
cient to raise a presumption that this imprudent conduct of the
district attorney "caused passion and prejudice against this
defendant in the minds of the jury."   Where a district attor-
ney by his conduct surrounds a case with an atmosphere of
adverse comment, remark, and running argument throughout
a trial, or takes unfair advantage of the defendant by inti-
mating to the jury something that is either not true or not
capable of being proven in the manner attempted, such mis-
conduct may become such serious error that it may be pre-
sumed to have caused prejudice against the defendant and to

have prevented him from having a fair trial. (*People* v. *Grider,* 13 Cal. App. 703, [110 Pac. 586]. But an isolated and comparatively unimportant imprudence in conduct has no such consequences.

The only other ground suggested on which a reversal of the judgment might be urged is that the verdict is based on the uncorroborated testimony of an admitted accomplice. It is admitted by the defendant, as well as shown by the testimony of his daughter (who was nineteen years old and a married woman), that during a period of several weeks they had occupied the same room at a hotel and had slept in the same bed. The defendant had registered them at the hotel as husband and wife and had introduced his daughter to others as his wife. These facts furnish ample legal corroboration and justify the verdict. The excuses offered by defendant for occupying the same room and bed with his daughter and her infant child, were for the jury to consider and no doubt were duly weighed and found wanting.

The judgment and order are affirmed.

James, J., and Shaw, J., concurred.