[Crim. No. 1120.   Third Appellate District.—June 6, 1930.]

THE PEOPLE, Respondent, v. RAY ADINOLFI, Appellant.

C. M. Gill for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

THOMPSON (R. L.), J.—The defendant was convicted of the crime of incest accomplished with his adult sister, by whom four children were born as a result of their illicit relationship.

It is contended that because there is an absence of evidence of nonconsent to the sexual intercourse on the part of the sister, she must be deemed to have been an accomplice in the commission of the crime and that the defendant could therefore not be legally convicted except upon corroboration of her evidence of both their relationship as brother and sister and their illicit sexual intercourse.

The illicit sexual intercourse of a brother with his adult competent sister, accomplished with her consent, constitutes her an accomplice of the crime of incest. (*People* v. *Le Toile,* 31 Cal. App. 166 [159 Pac. 1057].) Her testimony as to the material elements of the crime must therefore be corroborated. (Sec. 1111, Pen. Code.)

Incest is defined by the provisions of section 285 of the Penal Code as accomplished when "Persons being within the degrees of consanguinity within which marriages are declared to be incestuous and void (sec. 59, Civ. Code) . . . commit fornication or adultery with each other." Fornication is an illicit sexual intercourse between unmarried persons.

The information charged the defendant with the commission of acts of sexual intercourse with his sister Josie

Adinolfi. She testified that the defendant was her brother; that she was twenty-seven years of age and that he was the father of her four children born as the result of his illicit sexual intercourse with her. This evidence was sufficiently corroborated with respect to every material element of the crime of incest. Three physicians testified to rendering professional services for Josie Adinolfi at the request of the defendant on the occasion of the birth of these children. The mother of these children was sufficiently identified as the sister of the defendant, who testified at the trial. Upon summoning the physicians for service during childbirth, the defendant referred to his sister as "my wife." Doctor Blinn testified: "Q. He engaged you to take care of a woman? A. The woman he was living with." While this physician was attending the patient at the home to which he was directed by the defendant, Ray Adinolfi was also present on several occasions. No other person was about the house. There was but a single bedroom in the house. Birth certificates were filled out by the physicians and filed describing the parents of these children as "Ray Adinolfi and Josephine." Doctor Davidson, who testified to the delivery of one of these children, said it was a boy and that "there is a marked resemblance in the features of the boy and the defendant."

Mrs. Mollie May, who lived for some three years as a neighbor of the defendant and his sister, testified that the brother and sister lived in the same house together; that the sister went by the name of Mrs. Lawrence; that she never saw any man other than the defendant about the house except when the doctor attended the sister during the birth of the children. The court inquired from this witness: "Q. Did the defendant ever refer to this woman as his sister? A. Yes. I had always heard that he was her brother, and he told me they were brother and sister." There is evidence indicating that Josie had been married to a man by the name of Lawrence, but that he was dead. Mr. Fredericks, captain of detectives at Stockton, testified that the defendant told him that Josie was his wife; that they lived in the house next to his barber-shop and that they had four children. Mrs. Grace Brown, assistant probation officer, testified that she visited the defendant at his barber-shop a few days after the youngest child was born and thinking she was a nurse,

he said "he was the father of those children . . . and he wanted help, and said the baby was just five days old, and . . . he had a little girl fourteen years old that was taking care of the children, and he took care of his wife. . . . I asked him to let me meet his wife, and he introduced me to (her). . . . That was Josie Adinolfi." The defendant also admitted that Mr. Burchfield, an investigator of the district attorney's office, that Josie Adinolfi was his sister. Several other witnesses testified to similar admissions on the part of the defendant. The evidence furnishes adequate corroboration of Josie's testimony that she was the sister of the defendant and the mother of the four children which the defendant, on several occasions, admitted were his children.

It is not necessary that the testimony of an accomplice be corroborated by evidence which is conclusive as to every element of the offense. It is sufficient if it merely "tends to connect the defendant with the commission of the offense." (Sec. 1111, Pen. Code; *People* v. *Negra*, 208 Cal. 64 [280 Pac. 354]; *People* v. *Jensen*, 76 Cal. App. 558, 562 [244 Pac. 1086].)

The defendant's own statements and admissions, in corroboration of an accomplice's testimony, may be sufficient upon which to sustain a judgment of conviction. (*People* v. *Armstrong*, 114 Cal. 571, 573 [46 Pac. 611]; *People* v. *Sullivan*, 144 Cal. 471 [77 Pac. 1000].)

The judgment and the order are affirmed.

Plummer, J., and Finch, P. J., concurred.