[Crim. No. 252. Fourth Appellate District.—June 23, 1933.]

THE PEOPLE, Appellant, v. EARL WATSON YOUNG, Defendant; JUNE YOUNG, Respondent.

U. S. Webb, Attorney-General, Thos. Whelan, District Attorney, and Frank Pomeranz, Deputy District Attorney, for Appellant.

H. P. Sweet for Respondent.

ANDREWS, J., *pro tem.*—The defendants having been arraigned upon the information, the defendant June Young entered a demurrer to the second count of the information. Her demurrer was sustained by the trial court and judgment entered dismissing her. The appeal here presented is by the People from that judgment. The crime involved is defined in the law as follows (Stats. 1911, p. 10): "Any male person who, knowing a female person to be a prostitute, shall live or derive support or maintenance, in whole or in part, . . . shall be guilty of a felony, to-wit: pimping, . . . "

The question presented by the appeal is whether a female can be charged with this offense because the opening

statement of the law is "Any male person." Penal Code, section 31, reads as follows: "All persons concerned in the commission of a crime . . . and whether they directly committed the act . . . or not being present, have advised . . . its commission . . . are principals in any crime so committed." Penal Code, section 971, reads: " . . . and all persons concerned in the commission of a felony whether they directly commit the act . . . or aid and abet in its commission though not present shall hereafter be prosecuted, tried and punished as principals and no other facts need be alleged in any indictment or information against such an accessory than are required in an indictment or information against his principal."

By these sections it is manifest that one who, not being the principal actor but who assists in the commission of a crime, although absent from the scene, is regarded as a principal and may be charged as such in the presentment without using any terms indicating the fact that such person was an accomplice. Penal Code, section 68, reads: "Every executive officer . . . who . . . receives . . . any bribe . . . is punishable etc."

Under this section, it is held in *People* v. *Anderson*, 75 Cal. App. 365 [242 Pac. 906], that one not an executive officer can be convicted of the offense here charged in conjunction with the principal who has been guilty of the offense. In this case, reference is made to the distinction of principal and accomplice, although both are being prosecuted for the same offense by reason of sections 31 and 971, above cited.

Penal Code, section 261, reads: "Rape is an act of sexual intercourse, accomplished with a female not the wife of the perpetrator, etc." In *People* v. *Bartol*, 24 Cal. App. 659 [142 Pac. 510], it is held that information of this · crime, brought the case under section 31 aforesaid, and the discussion in the opinion sets forth that while a woman could not be principal as that term is commonly understood, she could be convicted of the crime by proof of assisting in its commission. It should be noted that the clear inference in said section is that the crime set forth could only be committed by a male person, quite as clearly as if the language were explicit as in the crime involved in the case at bar.

The defendant cites the case of *People* v. *Simpson*, 79 Cal. App. 555 [250 Pac. 403], as one controlling in this case

because it passes upon the question here involved. In that case the holding was made in the matter of corroboration of the testimony of a female accomplice.

Penal Code, section 1111, reads: " . . . An accomplice is hereby defined as one who is liable to prosecution for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given." If the court in the case last cited had in mind the distinction recognized in the other decisions above cited, between principal and assistant, although charged in form with the same offense, it may have indicated that the word "identical" used in section 1111 was the basis for its holding and the summary disposition of the question. In that case, which involved the same crime here involved, in disposing of the question which is presented on the present appeal, the court used this language and no other: "It is here manifest that the witness Ruby Young could not be prosecuted for the crime of pimping."

It·is evident that the question as here presented was not before that court. The trial court in this case may well have felt bound by that decision and relied upon it properly in sustaining the demurrer, but when the question is again presented to a court of review and there is no other expres-. sion upon this subject by other courts of review in this state, so that no rule has become settled, it seems appropriate that in this case further consideration should be given to the question.

The sections cited which make principals and accomplices subject to be prosecuted as principals and under the same wording or charge, so far as the form of the presentment is concerned, and the holdings that in case of an executive officer, one not an executive officer can be convicted, and in the case of rape a woman who assists can be convicted of that offense, seem to require a holding that a woman charged with the offense here involved, in connection with the charge against a male person of the offense, is properly charged and could be lawfully convicted on evidence that she assisted the principal.

The judgment of the lower court is reversed.

Barnard, P. J., and Marks, J., concurred.