[Crim. No. 2964. First Dist., Div. Two. Feb. 26, 1954.]

THE PEOPLE, Respondent, v. THOMAS McGHEE, Appellant.

James Martin MacInnis, Nicholas Alaga and Harry P. Glassman for Appellant.

Edmund G. Brown, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

DOOLING, J.—The appellant was convicted of the crime of pimping. He appeals from the judgment and the order denying his motion for new trial. The only substantial evidence introduced against appellant came from the complaining witness. Appellant, a Negro, operated a hotel in San Francisco. The complaining witness, Claire Strange, a white woman, went to live in this hotel some time in December, 1952, with one Bailey, a Negro. They represented themselves as husband and wife. They left the hotel in January, 1953.

Miss Strange testified that while in the hotel she was called to the lobby on 15 or 20 occasions by a buzzer in her room and informed by appellant that there was a customer in one

of the ground floor rooms. On each occasion she found in the room indicated a man with whom she engaged in an act of prostitution. She gave appellant in each instance the money that she received from the customer and in each instance he later gave back to her one-half of it. No part of this summarized testimony was corroborated.

Appellant denied that any transaction of the sort testified to by the complaining witness had occurred. He also testified that he had ejected Miss Strange and Bailey from his hotel in January, 1953, because he learned that they were using narcotics. A police officer, called by the prosecution, testified that he had interviewed appellant and that appellant in that conversation had flatly denied receiving any money from the complaining witness and also denied any knowledge of any act of prostitution engaged in by Miss Strange.

Miss Strange testified that another woman, also a prostitute, had been present at certain conversations between Miss Strange and appellant. Appellant produced this woman and she denied even knowing Miss Strange, denied that she was present at any such conversation and denied that she was a prostitute.

At the time of appellant's alleged offense Miss Strange was under 18 years of age and defendant was tried before the juvenile court judge.

Appellant requested a cautionary instruction in the classic pattern, that a charge of this character is easily made and difficult to disprove even if the defendant is innocent, that from the nature of the case the complaining witness and defendant usually are the only witnesses, and therefore the jury should examine the testimony of the complaining witness with caution. The refusal of this instruction is assigned as error.

The rule requiring the giving of such a cautionary instruction in cases involving sex offenses, based on Sir Matthew Hale's comment, finds its origin in this state in *People* v. *Benson*, 6 Cal. 221 [65 Am.Dec. 506]. After some earlier hesitation (*People* v. *Anthony*, 185 Cal. 152 [196 P. 47]) our Supreme Court has now adopted the view that such an instruction should be given in cases involving sex offenses (see *People* v. *Adams*, 14 Cal.2d 154, 163-164 [93 P.2d 146] and its discussion of *People* v. *Anthony*, *supra*). The rule, originally limited to forcible rape cases, has latterly been applied to all character of sex offenses (lewd acts with a child of the same sex, *People* v. *Lucas*, 16 Cal.2d 178 [105 P.2d

102, 130 A.L.R. 1485]; *People* v. *Putnam,* 20 Cal.2d 885 [129 P.2d 367]; lewd acts with a child of the opposite sex, *People* v. *Adams, supra,* 14 Cal.2d 154; statutory rape and incest, *People* v. *Rankins,* 66 Cal.App.2d 956 [153 P.2d 399]; assault with intent to commit rape, *People* v. *Nye,* 38 Cal. 2d 34 [237 P.2d 1]). The Supreme Court has refused to extend it to cases which are not concerned with sex offenses. (*People* v. *McCracken,* 39 Cal.2d 336, 349-350 [246 P.2d 913].)

The attorney general points out that no case can be found in which the cautionary instruction was required to be given where the charge was pimping. Before the first case which held that it should be given in cases involving violations of Penal Code, section 288, the same argument might have been made in such a case.

The reasons given for requiring the cautionary instruction in cases involving sex offenses, particularly where the testimony of the complaining witness is uncorroborated, as here, are (1) the fact that the only available direct witnesses are ordinarily the complaining witness and the defendant, and hence the charge is easy to make and difficult to disprove; (2) cases involving sex crimes generally arouse passion and prejudice in the minds of decent people, including jurors; (3) the ease with which the charge can be made to satisfy spite, vengeance, vindictiveness and other base motives. (See *People* v. *Putnam, supra,* 20 Cal.2d 885, 889; *People* v. *Nye, supra,* 38 Cal.2d 34, 40.)

All of these elements are present in this case. (1) The only evidence of appellant's guilt came from the complaining witness. The only direct denial of his guilt came from appellant, and no other direct evidence was available to him. (2) The sordid charge made against appellant by the complaining witness was calculated to revolt any decent person and hence had a strong tendency to arouse passion and prejudice in the jurors' minds. That a man should degrade himself to the point of profiting from the earnings of a woman's prostitution indicates a depth of shameless ignominy so revolting to the sensibilities of any decent man or woman that passion and prejudice would follow perhaps even more readily upon the recounting of such a tale, than it would from even the most flagrant story of criminal satisfaction of the sexual urge. Add to this the fact that the complaining witness was a minor, that she was white and appellant and most of the customers, according to her testimony, were Negroes, and

the inflammatory tendency of her testimony is by that much more increased. (3) The possibility of spite and revenge is suggested by appellant's testimony that he ejected the complaining witness and her psuedo-husband from his hotel.

Where the reasons for the rule requiring the cautionary instruction are satisfied as clearly as they are in this case, we are convinced that the instruction should have been given.

It is clear that the failure to give it resulted in prejudice in this case. The complete absence of corroboration of the complaining witness in any material detail makes it clear that if the jury had been instructed to examine her testimony with caution a different verdict might well have been rendered.

Judgment and order reversed and cause remanded for a new trial.

Nourse, P. J., and Kaufman, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied March 25, 1954. Shenk, J., Edmonds, J., and Spence, J., were of the opinion that the petition should be granted.