JACK BERMAN, Inc., a body corporate, by
and through its President, Jack Berman,
and Jack Berman, Personally, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 1894.

Municipal Court of Appeals for the
District of Columbia.

Submitted March 4, 1957.

Decided May 14, 1957.

Stanley M. Kaiser, Washington, D. C.,
for appellant. Bernard Shankman, Washington, D. C., also entered an appearance
for appellant.

Chester H. Gray, Corp. Counsel, Milton
D. Korman, Principal Asst. Corp. Counsel,
Hubert B. Pair and Richard W. Barton,
Asst. Corp. Counsel, Washington, D. C.,
for appellee.

Before ROVER, Chief Judge, and
HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Appellant Jack Berman and Jack Berman, Inc., a corporation, were jointly
charged with the commission of five misdemeanors. The charges emanated from
the sale of a used motor vehicle by the
corporation and appellant. Three of the
offenses were for violations of Commissioners' Order No. 301,275/37 for (1) failure to make a conditional sales contract
in conformity with the order; (2) causing
or permitting the purchasers to sign a conditional sales contract in blank; and (3)
failure to deliver a duplicate copy of the
contract to the purchasers at the time of
the sale.

The two remaining offenses charged violations of the Vehicle Title and Registration Regulations in that the purchasers
were not given a certificate of title within
the specified time, and that the Director of
Vehicles and Traffic was neither furnished

with required information concerning the automobile nor notified of its acquisition by the corporation.

Commissioners' Order No. 301,275/37 and the regulations relevant in this case provide standards governing the conduct of *licensed* motor vehicle dealers. Undisputed evidence on both sides confirmed that the corporation was a *licensed* motor vehicle dealer and that appellant was not. · A plea of nolo contendere was entered by the corporation and appellant was found guilty of the charges upon trial; he appeals, contending that because only a person or corporation *licensed* as a "dealer" could commit the violations, the court erred in ruling as a matter of law that appellant "was a dealer under the purview of the regulations."

■ The order itself sets forth its own definitions and specifically delimits a "Dealer" to be " * * * a person to whom the District of Columbia has granted a motor vehicle dealer license." "The word 'Person' shall include an individual, * * * corporation, * * * officer, employee, principal or agent." One of the penalties provided for violation of the order is revocation of the license. The pertinent provisions of the Vehicle Title and Registration Regulations relating to the violations in this case also specify that a "dealer" is one who holds a valid license. It is apparent from the terms as defined and the penalties imposed that these regulatory measures are directed only to *licensed* individuals or corporate entities and that violations can be perpetrated only by persons or corporations within this particular class.

■ Authorities have uniformly held that though an offense may be so defined by statute or regulation that it can only be committed by members of a certain class, one outside the class may by aiding or abetting another who is within the scope of the definition render himself criminally liable for the offense.[1] Code 1951, § 22–105, reads:

"In prosecutions for any criminal offense all persons advising, inciting, or conniving at the offense, or aiding or abetting the principal offender, shall be charged as principals and not as accessories, the intent of this section being that as to all accessories before the fact the law heretofore applicable in cases of misdemeanor only shall apply to all crimes, whatever the punishment may be."

■ The distinction between principals and accessories has never been recognized in misdemeanor cases, and it is manifest from this section that the distinction in felony cases is abolished. It follows, therefore, that although one may not be the principal actor, he may be charged as a principal under the same Information in conjunction with the principal offender for acts of aiding and abetting.[2] Appellant's contention that the Information did not sufficiently apprise him of aiding and abetting has no merit. Both sides conceded that appellant was not a licensed dealer and the District's case and evidence were predicated on proof of appellant's participation in this transaction and in the corporation's activities as its president as an aider and abettor.

While we think that there was ample evidence to sustain a conviction on the theory of aiding and abetting, the case, nevertheless, must be reversed in that the court erred in ruling as a matter of law that appellant was a "dealer" under the purview of the order and regulations and

1. Gibbs v. State, 37 Ariz. 273, 293 P. 976, 74 A.L.R. 1105; Capshaw v. State, 69 Okl.Cr. 440, 104 P.2d 282; Adkins v. Commonwealth, 175 Va. 590, 9 S.E.2d 349, 131 A.L.R. 1312.

2. People v. Zinn, 6 Cal.App.2d 395, 44 P.2d 408; People v. Young, 132 Cal.App. 770, 23 P.2d 524; State v. Fraser, 105 Or. 589, 209 P. 467; Quillin v. State, 79 Tex. Cr.R. 497, 187 S.W. 199, 5 A.L.R. 773.

 

on that theory alone found him guilty. As was pointed out earlier, these measures were designed to control members of a certain class, namely, *licensed dealers*. Although a person not within the class of those who may directly perpetrate the offense may by aiding and abetting a member within the class be charged and held criminally liable as a principal, his acts will not bring him within the scope of the class as defined by the regulations, and guilt may not be fixed on the basis that he is a licensed dealer when as a fact he is not so licensed.

Reversed.