CASINO ROYAL, INC., a body corporate, and
Leonard B. Zeiger, Appellants,

v.

DISTRICT OF COLUMBIA, Appellee.

CASINO ROYAL, INC., a body corporate,
Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

Nos. 2840, 2841.

Municipal Court of Appeals for the
District of Columbia.

Argued Nov. 13, 1961.

Decided Dec. 7, 1961.

John T. Reges, Washington, D. C., for appellants. Samuel Klein, Washington, D. C., also entered an appearance for appellants.

H. Thomas Sisk, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee. David P. Sutton, Asst. Corp. Counsel, Washington, D. C., also entered an appearance for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11-776(b).

CAYTON, Acting Judge.

Casino Royal, Inc. was convicted under two informations charging that on two days, a few weeks apart, it had permitted a number of unclean conditions in its restaurant, in violation of certain health regulations. Leonard B. Zeiger, president and manager, was charged and convicted along with the corporation, under the second information.

On these appeals the first argument is that the individual defendant was entitled to be exonerated· as a matter of law. He says there was no evidence that he was the operator or even an employee of the operator of the restaurant. The record contradicts this statement. Government testimony indicated that Mr. Zeiger was the man in charge of the restaurant, and in his own testimony he admitted that he was president of the company and managed the business and that equipment and cleanliness came under his jurisdiction. He testified in great detail as to his managerial activities.

Appellant Zeiger also argues that the government could not properly proceed against the corporation and also against him personally. Such, we think, is not the law. The Health Regulations apply to "every person" who operates a restaurant, and provide that "person" shall mean ":person, firm, corporation, co-partnership, or association." We cannot agree that the word "or," as here used, limits responsibility or guilt to only one person (or firm) when more than one are found to be in violation. Under familiar rules of statutory construction we hold that in a situation like this the government may prosecute a corporation and, as well, one who is its active manager in charge of the business.[1]

Other assignments of error challenge the sufficiency of the evidence as to the corporate defendant. One claim is that there was no evidence that appellant Casino Royal, Inc., operated the restaurant here involved. The claim is without merit because that fact was amply established during the course of the government's case and also during the defense.

There is no reason to summarize the evidence. Two government officials testified in detail and at considerable length as to the violative conditions they found at the restaurant. Though their testimony was contradicted by several defense witnesses, the ultimate issues were entirely factual. We are satisfied that other assignments of error are not supported by the record.

Affirmed.

---

1. See Berman, Inc. v. District of Columbia, D.C.Mun.App., 132 A.2d 147; 3 Fletcher, Cyclopedia of Corporations §§ 1348, 1357.