[Crim. No. 8100. Second Dist., Div. Three. Sept. 7, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. DANIEL CUL-
LEAR GUTIERREZ, Defendant and Appellant.

Dennis D. Butcher, under appointment by the District
Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, As-
sistant Attorney General, and Norman H. Sokolow, Deputy
Attorney General, for Plaintiff and Respondent.

SHINN, P. J.—Appellant Gutierrez and one Ramirez were
separately accused by information of a violation of the Health

and Safety Code, section 11531, arising out of the sale of five marijuana cigarettes on February 24, 1961. The cases were consolidated for trial, defendants pleaded not guilty, and the jury found Gutierrez guilty, but was unable to reach a verdict as to Ramirez. Gutierrez now appeals from the judgment and from an order denying his motion for a new trial.

The People's case rested entirely on the testimony of State Narcotics Agent Martinez, which was, in substance, as follows: On the evening of February 24, 1961, Martinez accompanied a man, known only as Shone, to the Ace High Café in Santa Maria. Shone undertook to find marijuana for Martinez. While at the bar, Martinez made some inquiries of the patrons as to where he might obtain some marijuana. An unidentified patron spoke to Gutierrez, who thereupon came to Martinez, inquired whether Martinez was looking for marijuana and when informed that he was, stated to Martinez that a colored fellow named Danny might have some and would be in the café between 10 and 10:30 p. m. Danny never appeared. At the suggestion of Gutierrez, he and Martinez went outside and stood on the sidewalk in front of the café for about five minutes. Ramirez drove by in an automobile, was hailed by Gutierrez, and came to a stop, when the two defendants had a conversation. Gutierrez then reported to Martinez that Ramirez had five cigarettes for sale for $4.00. Martinez gave the money to Gutierrez who passed it to Ramirez, who in turn gave the cigarettes to Gutierrez, who passed them to Agent Martinez.

Martinez testified that he saw Gutierrez on numerous occasions during the next several weeks as he continued his undercover investigation. On some of these occasions Gutierrez helped the agent look for marijuana that he might purchase. On May 12, 1961, Gutierrez and Ramirez were arrested.

Appellant testified that he liked Agent Martinez and was willing to help him find marijuana to purchase, both because of friendship and because he hoped Martinez would find him a job.

Appellant assigns three points of error: (1) insufficiency of the evidence, (2) failure to give a requested instruction, and (3) inconsistency of the verdicts. We find no merit in any of these contentions.

**█ █ █** Appellant first argues that proof of an element essential to conviction is lacking, namely, that if Martinez purchased cigarettes he, Gutierrez, knew they contained marijuana. However, the testimony concerning the circumstances

surrounding the sale afforded a sufficient basis for an inference by the jury that appellant knew the contents of the cigarettes. He knew the officer was seeking to purchase marijuana cigarettes, and he knew where to obtain them. He admitted on the stand that he stood in front of the café waiting for someone to come who would have marijuana for sale, although he denied that he witnessed or participated in a sale. The evidence was clearly sufficient to prove that appellant knew the cigarettes contained marijuana. (*People* v. *Ramirez*, 185 Cal.App.2d 301, 309 [8 Cal.Rptr. 184].)

 Appellant next contends that there was error in the trial court's refusal to give an instruction that if defendant "simply aided or assisted in the purchase" rather than in a sale of the cigarettes he was not guilty of the offense with which he was charged. The same contention was made in *People* v. *Grijalva*, 48 Cal.App.2d 690, 693 [121 P.2d 32], and found to be without merit. (See also *People* v. *Beccera*, 175 Cal.App.2d 53, 55 [345 P.2d 269].) One who, at the instance of a buyer finds a seller and participates in the exchange of money for goods, aids and abets in a sale. The court instructed as to what would be necessary in the way of proof to connect appellant as a principal in a sale.

 There was sufficient evidence of appellant's guilt and the fact that the codefendant Ramirez was not convicted does not invalidate the conviction of appellant. (*People* v. *Massie*, 122 Cal.App.2d 235, 236 [264 P.2d 671].)

The judgment and order are affirmed.

Ford, J., and Files, J., concurred.