[Crim. No. 4713.   Third Dist.   Nov. 6, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. FRED MYRON CADY, Defendant and Appellant.

Daniel J. Sullivan, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Doris H. Maier, Assistant Attorney General, and Jon A. Shoenberger, Deputy Attorney General, for Plaintiff and Respondent.

REGAN, J.—Defendant appeals from the judgment of conviction ' of a violation of section 285 of the Penal Code (incest), contending he was denied a fair trial in that the trial court failed, *sua sponte,* to give the jury instructions to view the prosecutrix' testimony with caution.

It will serve no useful purpose to recite in detail the acts defendant perpetrated upon his 19-year-old daughter, Jean. Suffice it to say the evidence in support of defendant's guilt is substantial, convincing and in important instances corroborated. The facts set forth in respondent's brief, at pages 3 to 11, are complete and substantially accurate and are incorporated herein by reference.

Defendant's sole contention is that the trial court did not, on its own motion, give a cautionary instruction which usually reads as follows: ''[A] charge such as that made against the defendant in this case is one which, generally speaking, is easily made, and, once made, difficult to disprove.''

In prosecutions for sexual crimes the court should instruct on its own motion that the charge is easily made and difficult to disprove, and that for this reason the testimony of the prosecuting witness should be examined with caution. (*People* v. *Merriam,* 66 Cal.2d 390, 394-395 [58 Cal.Rptr. 1, 426 P.2d 161]; *People* v. *Nye* 38 Cal.2d 34, 40 [237 P.2d 1]; *People* v. *Putnam,* 20 Cal.2d 885, 889 [129 P.2d 367]; *People* v. *Sutton,* 224 Cal.App.2d 708, 710 [37 Cal.Rptr. 23]; *People* v. *McGhee,* 123 Cal.App.2d 542, 543 [266 P.2d 874].) It has been specifically held that it is incumbent upon the court to give the cautionary instruction on its own motion in incest cases. (*People* v. *Sutton, supra,* at p. 711.)

The Attorney General concedes that the failure to give the cautionary instruction was error. The issue on this appeal is whether the error in the court failing to give the cautionary instruction, *sua sponte,* is prejudicial. (See *People* v. *Sutton, supra,* 224 Cal.App.2d at p. 711.) The circumstances of each case must detemine whether the failure to give the instruction is prejudicial. (*People* v. *Nye, supra,* 38 Cal.2d at p. 40.) As recently stated by the Supreme Court in *People* v. *Merriam, supra,* 66 Cal.2d at page 395: ''It remains to be determined,

however, whether in the circumstances of this case the trial court's erroneous refusal of the cautionary instruction resulted in prejudice to the defendant. It has been said that such refusal does not constitute prejudicial error if 'the evidence clearly points to the defendant's guilt or . . . the testimony of the prosecuting witness is amply corroborated, or there are other factors in the case which show that the defendant has been given a fair trial.' (*People* v. *Owsley* (1946) 76 Cal.App.2d 166, 169-170 [172 P.2d 561].)''

Defendant argues that the case was an extremely close one, and thus that the failure to give the instruction was highly prejudicial. He points to the following factors: (1) defendant's acquittal on one count; (2) Jean's eight-year history of psychiatric treatment; (3) the heated argument Jean had with her father a day prior to initially reporting the events; (4) her experience as a prior child molestee; (5) her lack of chastity; and (6) the psychological bias and prejudices that she would naturally have against her father because of a sixteen-year absence between her third and nineteenth years during which time she lived in nine foster homes over a period of thirteen years.

On the other hand, there is a much stronger showing that no prejudice occurred to defendant as a result of the trial court's failure to give the cautionary instruction. First of all, the testimony of the complaining witness was clear, assured, and a straight-forward account of the incidents, free from indications of inconsistency, improbability, or fabrication. (See *People* v. *Merriam, supra,* 66 Cal.2d at p. 395.) Furthermore, a vigorous cross-examination failed to throw doubt upon her testimony. (See *People* v. *Sutton, supra,* 224 Cal.App.2d at p. 714.) In this respect, it should be noted that cases which have held the failure to give the instruction to be prejudicial usually involved testimony of the complaining witness which was inconsistent or inherently improbable. (See *People* v. *Sutton, supra,* 224 Cal.App.2d at p. 712.)

Secondly, this is not a case where the testimony of the complaining witness is uncorroborated.[1] To the contrary, the

---

[1]In *People* v. *McGhee, supra,* 123 Cal.App.2d 542, 544, the court states: ''The reasons given for requiring the cautionary instruction in cases involving sex offenses, *particularly where the testimony of the complaining witness is uncorroborated* . . . are (1) the fact that the only available direct witnesses are ordinarily the complaining witness and the defendant, and hence the charge is easy to make and difficult to disprove; (2) cases involving sex crimes generally arouse passion and prejudice in the minds of decent people, including jurors; (3) the ease with

evidence corroborating Jean's testimony is abundant. The testimony of prosecution witnesses, Mrs. Hostetler and Mrs. Leonard, clearly showed defendant's preoccupation with sex as regards to his daughter and his predisposition to have sexual relations with her in one form or another. Defendant's statements that the prosecuting witness "knew he could get it up," that she had too much pubic hair growing inside her, and that it was not against his law to "screw" his own relatives all tend to show that defendant had, in fact, admitted to engaging in sexual relations with his daughter. (See *People* v. *Adinolfi*, 106 Cal.App. 261, 264 [289 P. 176].)

There was additional testimony by Mrs. Leonard that she had observed defendant make sexual overtures by fondling his daughter's breasts and her upper thighs. This, together with semen stains found on the couch where defendant slept with his daughter, lends ever further credence to Jean's story. (Cf. *People* v. *Nye, supra,* 38 Cal.2d at p. 41.) And the evidence was uncontroverted that the defendant had slept on the couch with his daughter on several occasions. (See *People* v. *Smith,* 23 Cal.App. 382, 384 [138 P. 107].) There is strong corroborating evidence of the prosecutrix' story. (Cf. *People* v. *Merriam, supra,* 66 Cal.2d at pp. 395-396.)

Finally, the following instruction was given to the jury:

"It is the law that the testimony of an accomplice ought to be viewed with distrust. This does not mean that you may arbitrarily disregard such testimony, but you should give to it the weight to which you find it to be entitled after examining it with care and caution and in the light of all the evidence in the case."

Thus, the jury was warned to view Jean's testimony with caution in view of the fact that she was an accomplice in the crime of incest. Moreover, appropriate instructions were given by the court which cautioned the jury against being influenced by passion or prejudice, and required that it judge the case according to the evidence as presented at trial and the law as expounded by the court. (See *People* v. *Merriam, supra,* 66 Cal.2d at p. 396.)

It is not reasonably probable that had the instruction been given the result would have been different.

The judgment of conviction is affirmed.

Friedman, J., concurred.

---

which the charge can be made to satisfy spite, vengeance, vindictiveness and other base motives." (Italics added.)

This language was cited with approval in *People* v. *Merriam, supra,* 66 Cal.2d at page 394.

PIERCE, P. J.—I concur. I recoil, however, against the perpetuation of the rule that in *every* sex crime the trial court must instruct (in the language of CALJIC No. 527) "a charge such as that made against the defendant in this case is one which, generally speaking, is easily made, and, once made, difficult to disprove" and that the failure so to instruct *sua sponte* in *every* case is error. I have no quarrel with the rule that the instruction must be given *sua sponte* when as a matter of fact "the only available direct witnesses are . . . the complaining witness and the defendant, and hence the charge is easy to make and difficult to disprove" or where it is true that the "charge can be made to satisfy spite, vengeance, vindictiveness and other base motives." These are two of the three reasons for the mandatory rule expressed in *People* v. *Merriam* (1967) 66 Cal.2d 390, 394 [58 Cal.Rptr. 1, 426 P.2d 161]. *Merriam* did not say the instruction must be given in every prosecution for a sex offense. It speaks of a requirement that it be given in "many" such prosecutions. It does cite *People* v. *Sutton* (1964) 224 Cal.App.2d 708 [37 Cal.Rptr. 23], which was an incest case. (There it was held the error was not prejudicial.) It is my belief it should not be deemed error when the reasons for giving the instruction are inapplicable. The reasons are inapplicable here. The daughter was not the complaining witness. Her aunt and a family friend were. The daughter had reluctantly reported the incestuous acts. Evidence of guilt, other than the testimony of the two actors, was, as the majority opinion points out, overwhelming. To rule under such circumstances that a trial judge commits error—even harmless error—in omitting a cautionary instruction (given on his own motion) seems unrealistic.

The People of the State of California collectively also have rights. I conceive those rights to extend to impartial rulings and instructions by a trial judge in a criminal case. In the opposite context it has frequently been pointed out that a jury naturally attaches great importance to every statement by the judge during a trial. Just as a trial judge must be careful not to say anything that might be construed as a superimposition of his beliefs of guilt upon the beliefs of the jury, the People have the same right to strict neutrality. The statement under discussion is one which carries a built-in connotation that the jury must more carefully scrutinize the victim's testimony than it does the defendant's. Within the reasons expressed in *Merriam* and the other cases cited in the

majority opinion the cautionary instruction is a necessary safeguard to preserve the constitutional rights of an accused. When the reasons fail, the rule should fall.

To require the cautionary instruction in every *sex case regardless of the facts,* and then back up under the cloak of article VI, section 13, of the California Constitution is anachronistic. It is also to demean our trial bench. Effectually, it is the reviewing court speaking to the trial judge and saying: We do not trust you, notwithstanding the fact that you have listened to and have observed all of the witnesses, to make any judgment whatever on the necessity of the cautionary instruction. Therefore, regardless of the facts, we declare the omission of the instruction to be automatic error. If later, in our superior wisdom, *we* find the instruction not to have been necessary we will still call it error, but via the "miscarriage of justice" route, denominate it harmless error.

I find no instance in which the California Supreme Court has made the dogmatic ruling that in every sex-offense trial, regardless of the facts, the requirement of the cautionary instruction is absolute and automatic, although other Court of Appeal decisions seem so to regard it. I do not believe it should be so ruled here.

A petition for a rehearing was denied December 2, 1968, and appellant's petition for a hearing by the Supreme Court was denied December 30, 1968. Peters, J., was of the opinion that the petition should be granted.