[Crim. No. 8832. First Dist., Div. One. July 12, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
DOROTHY HERNANDEZ, Defendant and Appellant.

## COUNSEL

Lee W. Cake, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Robert R. Granucci and Alfred Dovbish, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ELKINGTON, J.**—Defendant Dorothy Hernandez, a woman, appeals from a judgment based on jury verdicts finding her guilty of two counts of rape (count 2 and 3 of the information) by threats of great and immediate bodily harm in violation of Penal Code section 261, subdivision 4. She was found not guilty of a similar charge stated in count 1 of the information.

The information was in six counts. Counts 1, 2 and 3 charged defendant (hereinafter Dorothy) and her husband Anthony with violations of Penal Code section 261, subdivision 4, against one Rosa Ruiz, respectively, on August 11, 13 and 17, 1969. Counts 4, 5 and 6, respectively, charged Dorothy alone with aiding and abetting Anthony in the commission of the same offenses charged in counts 1, 2 and 3.

Under the substantial evidence rule (see *People* v. *Hall,* 62 Cal.2d 104, 109-110 [41 Cal.Rptr. 284, 396 P.2d 700]; *People* v. *Daugherty,* 40 Cal. 2d 876, 885 [256 P.2d 911]) the record fully supports the jury's finding that Rosa was raped by means of threats of great and immediate bodily

harm on August 13 and 17, 1969. A conflict existed as to the circumstances under which the offenses were committed. The evidence could reasonably have been interpreted as establishing that on each occasion (1) Dorothy, as a principal, armed with a rifle and by threats of bodily harm, forced her innocent and unwilling husband Anthony and Rosa into committing the acts of sexual intercourse, or (2) Anthony, as a principal, willingly committed the criminal acts which were made possible by the described conduct of Dorothy, an aider and abettor in the offense.

The People proceeded, and the court instructed the jury, on alternative theories. They were told:

"A person who, by threats, menaces, command or coercion, compels another to commit any crime is a *principal* and guilty of the crime so committed." (Italics added.)

They were also instructed that:

"A person *aids and abets* the commission of a crime if he knowingly and with criminal intent aids, promotes, encourages or instigates by act or advice, or by act and advice, the commission of such crime." (Italics added.)

Finally, as relevant here, the jury were given "Instruction No. 27" as follows:

"If you find Anthony Hernandez guilty of counts 1 through 3 inclusive, that is the crime of being a principal in a rape, you then must find Dorothy Hernandez not guilty of counts 1 through 3 inclusive, as a principal in rape. You must, in this instance, then consider whether Dorothy Hernandez is guilty or not guilty of counts 4 through 6 inclusive, aiding and abetting in the commission of a rape.

"If you find Anthony Hernandez not guilty of counts 1 through 3 inclusive, of the crime of being guilty as a principal in a rape, you may then only consider Dorothy Hernandez guilty or not guilty of counts 1 through 3 inclusive, as a principal in rape, and must find her not guilty of counts 4 through 6 inclusive, that is aiding and abetting in a rape."

The last above-mentioned instruction, and the People's unnecessary and duplicative counts (counts 4, 5 and 6), have brought about the confusion leading to Dorothy's principal claim of error. Under counts 1, 2 and 3, she could have been found guilty as a "principal" *or* as a so-called "aider and abettor."[1]

---

[1] Penal Code section 31: "All persons concerned in the commission of a crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, or, not being present,

The jury, as indicated, found Dorothy guilty of counts 2 and 3 of the information, and not guilty as to count 1. They returned no verdict as to Anthony,[2] and no verdicts on the "aider and abettor" counts, counts 4, 5 and 6.

■ Dorothy contends that it was error to allow "the jury to deliberate the case as it was submitted to them" on instruction No. 27, and that their verdicts represented a "desperate compromise" on "contradictory instructions." She also argues that the instruction was confusing and "not followed," that the resulting verdicts were "confused," some jurors finding that Anthony was a rapist, some that Dorothy was a rapist with Anthony her "innocent conduit," and some that she was an "aider and abettor."

It may be assumed that instruction No. 27 was confusing. But we note that the jury were properly instructed as to the elements of the charged offenses. Without error they were also instructed on the principles of "aiding and abetting" and on what Dorothy calls the "innocent conduit" theory, as applied to Anthony. Dorothy concedes that all twelve of the jury found her to be guilty of two counts of rape either as a "principal" on the innocent conduit theory, or as an "aider and abettor" to Anthony's crimes.

■ It is established law that if a guilty verdict can be justified on either of two interpretations of the evidence, the verdict cannot be impeached by showing that a part of the jury proceeded upon one interpretation and part upon the other. (*People* v. *Chavez,* 37 Cal.2d 656, 670-672 [234 P.2d 632]; see also *People* v. *Nor Woods,* 37 Cal.2d 584, 586 [233 P.2d 897]; *People* v. *Kagan,* 264 Cal.App.2d 648, 661 [70 Cal.Rptr. 732]; *People* v. *Hodges,* 153 Cal.App.2d 788, 794 [315 P.2d 38]; *People* v. *Schmidt,* 147

---

have advised and encouraged its commission, and all persons counseling, advising, or encouraging children under the age of fourteen years, lunatics or idiots, to commit any crime, or who, by fraud, contrivance, or force, occasion the drunkenness of another for the purpose of causing him to commit any crime, or who, by threats, menaces, command, or coercion, compel another to commit any crime, are principals in any crime so committed."

Penal Code section 971: "The distinction between an accessory before the fact and a principal, and between principals in the first and second degree is abrogated; and all persons concerned in the commission of a crime, who by the operation of other provisions of this code are principals therein, shall hereafter be prosecuted, tried and punished as principals and no other facts need be alleged in any accusatory pleading against any such person than are required in an accusatory pleading against a principal."

*People* v. *Elliott,* 241 Cal.App.2d 659, 666 [50 Cal.Rptr. 757]: "[S]ection 971 of the Penal Code authorizes the accusatory pleading against an aider and abettor to be drawn in the identical form as an accusatory pleading against the principal. It makes no distinction between them."

[2]The jury were also instructed: "In this case, you must decide separately the question of the innocence or guilt of each of the two defendants. If you cannot agree upon the innocence or guilt of both the defendants, but do agree as to the innocence or guilt of one of them, you must render a verdict as to the one upon whose innocence or guilt you do agree."

Cal.App.2d 222, 230-231 [305 P.2d 215]; *People* v. *Theodore*, 121 Cal. App.2d 17, 31 [262 P.2d 630]; *People* v. *Andary*, 120 Cal.App.2d 675, 682 [261 P.2d 791].)

■ Applying this rule to the case at bench the guilty verdict against Dorothy must stand. The confusion attending instruction No. 27 and the jury's failure to return verdicts as to counts 4, 5 and 6 was in no way prejudicial to her. ■ Nor may she properly complain of the jury's failure to reach a verdict as to her codefendant Anthony. The fact that a codefendant was not convicted does not invalidate a conviction based on substantial evidence. (*People* v. *Gutierrez*, 207 Cal.App.2d 529, 530 [24 Cal.Rptr. 441]; *People* v. *Massie*, 122 Cal.App.2d 235, 236 [264 P.2d 671]; *People* v. *Taylor*, 88 Cal.App.2d 983, 987 [199 P.2d 751].)

We note incidentally that Dorothy concedes that evidence was presented sufficient to convict her as an "aider and abettor." ■ Under Penal Code sections 31 and 971 such evidence then as a matter of law was sufficient to convict her as a "principal." ■ Additionally, contrary to her insistence, there was substantial evidence to convict her on the "innocent conduit" theory. Nor do we find the jury's verdicts to be contradictory; they simply show agreement, although perhaps on different theories, as to Dorothy's guilt, and disagreement as to whether Anthony was a willing participant in the acts of rape, or instead an innocent unwilling conduit in their commission.

■ For the reasons stated we find no merit in Dorothy's related contention that she was erroneously prejudiced by the trial court's denial of her motion to dismiss counts 1, 2 and 3 or counts 4, 5 and 6. While, as indicated, it would have been better to try the case on counts 1, 2 and 3 alone, no prejudice resulted from the denial of the motion. And error did not, as contended, attend the trial court's denial of motions for "judgment of acquittal," "mistrial," and "new trial," for lack of substantial evidence to support the verdicts.

■ We do not, as urged by Dorothy, find her conviction of rape to be "unique in the annals of American criminal law." Women have been convicted as "aiders and abettors" and therefore principals (see Pen. Code, § 31) to the crime of rape. (See *People* v. *Smith*, 204 Cal.App.2d 797 [23 Cal.Rptr. 5]; *People* v. *Young*, 132 Cal.App. 770 [23 P.2d 524]; *People* v. *Bartol*, 24 Cal.App. 659 [142 P. 510].) It would be unreasonable to hold a woman immune from prosecution for rape committed by a man under her "threats or menaces sufficient to show that [he] had reasonable cause to and did believe [that his life] would be endangered if [he] refused." (See Pen. Code, § 26, subd. Eight.) If such were the law it would create a crime without a punishable perpetrator.

■ Next Dorothy complains of the failure of the trial court to strike certain testimony. Following her motion to strike the court said: "I'll take

your motion under submission and go into it further." No ruling on the motion was thereafter made, nor was one thereafter requested by Dorothy. Ordinarily a motion to strike which is not ruled upon is to be deemed waived for failure to press it. (*D'Avanzo* v. *Manno,* 16 Cal.App.2d 346, 348 [60 P.2d 524].) ■ Additionally it appears that the witness was testifying to a "prompt complaint" by Rosa made the morning after Dorothy and Anthony had "used her" and Anthony had "got on her." Such evidence was admissible. (See *People* v. *Burton,* 55 Cal.2d 328, 351-352 [11 Cal. Rptr. 65, 359 P.2d 433].)

■ The trial court's rejection from evidence of a "certificate of search" and a birth certificate of one Maria Yolanda Rodriguez, because of lack of relevance, was proper. Rosa had testified that she did not know when she was born but that according to her mother she was 18. She was illiterate and although her father's last name was Ruiz Rodriguez, she used the name of Ruiz. The purpose of the offer was to show her name was other than she stated and to establish that she was 21 years of age. The relevance was questionable and the evidentiary weight insignificant; the court's ruling was within its discretion. (See Evid. Code, § 352.)

Direct examination of Rosa takes up 43 pages, cross-examination 112 pages, of the reporter's transcript. During her cross-examination the following proceedings occurred:

"THE COURT: My concern, Mr. Olmstead [Dorothy's attorney], here is, frankly, timewise. You are going over the same grounds that you covered yesterday and, in fact, some of the questions are identical.

"MR. OLMSTED: In cross-examination you are not allowed to go over the same grounds twice?

"THE COURT: By what rule of law do you support that position?

"MR. OLMSTED: Your Honor, everything I know about cross-examination, everything I've read considers that one of the most important methods of cross-examination is to take a witness over a story at least twice to see if the story that was told the first time is the same as the second time.

"THE COURT: Where is your authority for that, sir? What is your authority for that statement?

"MR. OLMSTED: Some of the books I have read by some of the prominent attorneys, Nizer and—

"THE COURT: Do you have a case on that, because otherwise every case would be tried about three times. I'm concerned about the jury's time

and the court's time. We are going over the same grounds time and time and time again.

"Mr. Olmsted: This is only the second time."

■ Error is predicated on the court's refusal to allow counsel to twice cross-examine Rosa on the same subjects. Evidence Code section 765 provides: "The court shall exercise reasonable control over the mode of interrogation of a witness so as (a) to make such interrogation as rapid, as distinct, and as effective for the ascertainment of the truth, as may be, and (b) to protect the witness from undue harrassment or embarrassment." And it has repeatedly been held that "It is the duty of the trial judge to restrict the cross-examination of witnesses to reasonable limitations." (*People* v. *Hambrick,* 162 Cal.App.2d 239, 244 [327 P.2d 570].) Although we recognize that considerable latitude should ordinarily be allowed in the cross-examination of an alleged rape victim, we nevertheless are unable to find an abuse of discretion in the trial court's ruling.

Our review of the record indicates no error in the failure of the trial court on its own initiative to order a psychiatric examination of Rosa. Nor do we find her trial attorney's failure to move for such an examination a deprival of a crucial element to Dorothy's "defense to the charges."

■ The trial court gave a portion of the cautionary instruction customarily given in rape cases (see CALJIC (3d ed.) No. 10.22) as follows: "A charge such as that made against the defendants in this case is one which, generally speaking, is easily made, and once made, difficult to disprove." Omitted was the usual additional language: "Therefore, the law requires that you examine the testimony of the female person named in the information with caution." This omission is charged as error by Dorothy.

■ While such an instruction should be given on the court's own motion in a rape case, it is held that the circumstances of each case determine whether the failure to give the instruction was prejudicial. (See *People* v. *Putnam,* 20 Cal.2d 885, 892 [129 P.2d 367].)

A principal reason for the giving of such a cautionary instruction is " 'the fact that the only available direct witnesses are ordinarily the complaining witness and the defendant, and hence the charge is easy to make and difficult to disprove; . . .' " (*People* v. *Sutton,* 224 Cal.App.2d 708, 711 [37 Cal.Rptr. 826]; *People* v. *McGhee,* 123 Cal.App.2d 542, 544 [266 P.2d 874].) ■ In the case at bench an eyewitness testified she observed in part the commission of one of the charged acts of rape. And here the court did give a portion of the subject instruction. From that portion the jury must reasonably have inferred the missing part, that the testimony of Rosa should be examined "with caution."

Under the circumstances of this case we conclude that failure to give the complete cautionary instruction was not prejudicial. Similar results were reached in the cases of *People* v. *Nye,* 38 Cal.2d 34 [237 P.2d 1], *People* v. *Sutton, supra,* 224 Cal.App.2d 708, 712 (and see cases there cited). It has been said "There are comparatively few cases in which it was held that the failure to give the cautionary instruction was prejudicial. . . ." (*People* v. *Sutton, supra,* p. 712; see also the concurring opinion in *People* v. *Cady,* 267 Cal.App.2d 189, 193-194 [72 Cal.Rptr. 772].)

■■■ Dorothy's final contention of error concerns a rejected instruction proposed by her as follows:

"In determining whether or not reasonable doubt exists as to whether the crimes of rape were committed, as alleged, you may consider any of the following evidence:

"1. That the alleged rape was not reported until Aug. 27, 1969.

"2. That the complainant made no attempt to flee, although she was left entirely alone on at least one occasion.

"3. That the complainant was seen embracing Tony Hernandez over two weeks after the first alleged rape.

"4. That the complainant received articles purchased with forged checks and did not report the alleged rape until taken into custody and questioned about the checks and being informed that she was being accused of having stolen the checks.

"5. The complainant's inconsistent and varied versions of when, where and how many times the alleged rapes occurred.

"6. Any other evidence tending to establish a reasonable doubt."

Unlike the approved instruction of *People* v. *Sears,* 2 Cal.3d 180, 189-190 [84 Cal.Rptr. 711, 465 P.2d 847], relied upon by Dorothy, this instruction is argumentative and calls upon the jury to consider specific evidence concerning which there was a factual dispute. The jury had been instructed on the principle of reasonable doubt in accordance with Penal Code section 1096. There was no error.

The judgment is affirmed.

Molinari, P. J., and Sims, J., concurred.